IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISON

United States District Court
Southern District of Texas
FILED

JUL 17 . 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA, | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | C.A. NO. **B-03-126** |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |
| | § | |
| Defendants. | § | |

---

## NOTICE OF REMOVAL OF ACTION

---

TO THE UNITED STATES DISTRICT COURT:

BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C. ("Firestone")[1],

Defendant in the above-styled matter, submits this Notice of Removal pursuant to the provisions

of 28 U.S.C. §§ 1441 et seq. and in support thereof would show as follows:

1.     Plaintiffs state in their petition that they are citizens of Mexico currently residing

in Mexico.[2] Plaintiffs filed this action against Defendants on June 13, 2003 in the 357th Judicial

---

[1]     Bridgestone/Firestone North American Tire, L.L.C. is the successor to Bridgestone/Firestone, Inc.
[2]     Plaintiffs' Original Petition indicates that all Plaintiffs are residents of Mexico. Plaintiffs' Original Petition
at 1, § II.

District Court of Cameron County, Texas bearing Cause No. 2003-06-3067-E. This case involves Mexican citizens claiming damages from a Mexican accident.

2.  This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(3) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties. Diversity jurisdiction existed both at the time the state court action was filed and at the time of this removal.

3.  Defendant Firestone is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Nashville, Tennessee, where its corporate headquarters are located.

4.  In Plaintiffs' Original Petition, they have stated "Defendant Bridgestone/Firestone Brazil, a subsidiary of Bridgestone Americas Holding, Inc., is a Tennessee corporation, doing business through its authorized agents in the State of Texas, and may be served with process through its registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028." It appears from this description that Plaintiffs are attempting to name Bridgestone Americas Holding, Inc. as a Defendant. Bridgestone Americas Holding, Inc. is a Nevada corporation with its principal place of business in Nashville, Tennessee. Its registered agent for service of process is National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028. However, Bridgestone Americas Holding, Inc. does not do business in Texas, and has no authorized agents doing business in the State of Texas. Plaintiffs have also identified "Bridgestone/Firestone Brazil." There is no entity named "Bridgestone/Firestone Brazil." Bridgestone Americas Holding, Inc. does have a wholly-owned corporate subsidiary in Brazil named Bridgestone/Firestone do Brasil Industria e Comercio Ltda. That entity does not

do business in Texas, has no authorized agent for service in Texas, and has no authorized agents doing business in Texas. Furthermore, there is no information that Plaintiffs have appropriately served Bridgestone/Firestone do Brasil Industria e Comercio Ltda. If Plaintiffs are attempting to serve Bridgestone/Firestone do Brasil Industria e Comercio Ltda. by service upon Bridgestone Americas Holding, Inc.'s registered agent for service of process, this is entirely inappropriate.[3]

5.    Plaintiffs' Original Petition names as a Defendant Juan Hernandez Olivarez ("Olivarez") for the sole purpose of defeating diversity jurisdiction. Olivarez is alleged to be a "resident" of Texas.[4]  In determining this Court's jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), Olivarez should be realigned, and treated as a Plaintiff. Further, Olivarez should be ignored as a Defendant as there is no possibility that the Plaintiffs can recover against Olivarez. The joinder of Olivarez is collusive and fraudulent.

6.    Plaintiffs are all passengers or representatives of minor passengers who were injured in a single car accident in Mexico.[5]  Olivarez is the father of the vehicle's driver, Gerardo A. Hernandez.[6]  Plaintiffs claim Olivarez negligently entrusted the vehicle to his minor son, Gerardo A. Hernandez, the driver of the vehicle, who was killed in the accident, and that such entrustment was a proximate cause of the accident.  However, the allegations in Plaintiffs' Original Petition and subsequent actions of Olivarez demonstrate in reality he is a plaintiff.

7.    The Sheriff's return of service indicates "Defendant" Olivarez was served at 2:30 p.m. on June 18, 2003 by delivering to "Attorney Larry Lawrence accepting service on his behalf."[7]  With amazing alacrity, Mr. Lawrence filed an Answer and Cross-Action on behalf of

---

[3]    By joining in this removal it is not the intent of Defendant to waive any objection to insufficiency of service or process.
[4]    Plaintiffs' Original Petition indicates Olivarez resides in Cameron County, Texas, and can be served with process at a Brownsville, Texas address. Plaintiffs' Original Petition at 2, § II.
[5]    See Plaintiffs' Original Petition at 2, § IV.
[6]    Id.
[7]    See Sheriff's Return of Service attached as Attachment 1.

Olivarez individually and as next friend of Gerardo A. Hernandez at 9:00 a.m. on June 19, 2003. Olivarez filed his Original Cross Action against "Bridgestone/Firestone Brazil, a foreign subsidiary of Bridgestone Americas Holding, Inc. and Bridgestone/Firestone North America Tire, L.L.C." Olivarez is bringing this cross action individually and on behalf of those persons entitled to make a claim under the Texas Wrongful Death Statute for the death of his son, the driver of the vehicle.[8] Under the Texas Wrongful Death Statute, this would include the mother of Gerardo A. Hernandez.

8. The "collusion" between Plaintiffs and "Defendant" Olivarez is clearly demonstrated by their conduct. If Olivarez is primarily a Defendant whose interests are adverse to Plaintiffs, how are Plaintiffs aware that Olivarez may be served through attorney Larry Lawrence, and why does attorney Lawrence agree to accept service on Olivarez's behalf? Furthermore, attorney Lawrence is able to apparently meet with Mr. Olivarez, determine the facts of the case filing an Answer and Cross-Action by 9:00 a.m. the following morning after accepting service for Olivarez at 2:30 p.m. the previous day. Plaintiffs and Olivarez have attempted to contrive state court jurisdiction, avoiding removal to federal court. The Court should recognize this attempted "sham" and realign Olivarez as a Plaintiff.

9. Furthermore, "Defendant" Olivarez may be an impermissible Defendant in this case based on his relationship to other Plaintiffs. To assist in understanding the potential relationships among "Defendant" Olivarez and Plaintiffs, Firestone references them as follows:

- Julian Hernandez Olivarez – "Defendant" and Cross-Plaintiff individually a/n/f of Gerardo A. Hernandez

- Gerardo A. Hernandez – minor, driver of the vehicle, killed in the accident

- Victor Gerardo Hernandez – minor, riding in the vehicle, injured in the accident

---

[8]     *See* Olivarez's Original Cross Action at 1, § I.

- Maria Telesforo Rosales – adult bringing suit a/n/f of Victor Gerardo Hernandez

Plaintiff Maria Telesforo Rosales has brought suit as next friend to Victor Gerardo Hernandez who was apparently riding in the vehicle and injured in this accident. If "Defendant" Olivarez is married to Maria Telesforo Rosales and is the father of Victor Gerardo Hernandez, he may be an individual against whom no recovery is allowed under Mexican law which should apply to this case. Even should this Court determine that Texas law applies – which it should not – "Defendant" Olivarez may be immune to suit by his own family members under the doctrine of parental tort immunity. Therefore, Olivarez would be a fraudulently-joined Defendant with no possibility of recovery against him under the applicable law.

10.    Finally, Olivarez is a statutory party – as a Plaintiff – under the Texas Wrongful Death Statute for the death of his son, Gerardo A. Hernandez. As a statutory party, Olivarez' true position as a Plaintiff and not a Defendant is further illustrated.

11.    In determining whether diversity jurisdiction exists, a court is not bound by the way the Plaintiffs formally align the parties in their petition. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 (5th Cir. 1984). The Court can look beyond the pleadings, and align the parties with the same ultimate interests in the lawsuit on the same side. *Id.* at 1177-78; *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973). To do so, the court should look at what the crux of the lawsuit is regarding, and align the parties accordingly. *Eikel*, 473 F.2d at 964.

12.    The crux of the present lawsuit is recovery for all those in the vehicle who were injured as a result of the alleged tread belt separation of a Firestone Lemans P-Metric tire. The passengers of the vehicle all brought suit in Plaintiffs' Original Petition. A claim for the driver was made in the cross-claim filed by Olivarez. Olivarez and Plaintiffs share the same "ultimate interest" in the lawsuit, and should therefore be aligned as Plaintiffs for purposes of determining

diversity jurisdiction.  In fact, Olivarez is a statutory Plaintiff under the Texas Wrongful Death Statute for the deceased minor – Gerardo A. Hernandez.

13.     Plaintiffs' Original Petition is not clear, but Plaintiffs may be attempting to name as a Defendant Bridgestone/Firestone Brazil ("Firestone Brazil").  It is clear that Plaintiffs have not properly named or served any Firestone Brazil entity.  Additionally, there is no indication that Plaintiffs are even attempting to appropriately serve a Firestone Brazil entity.  Regardless, the citizenship of Firestone Brazil should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that it is fraudulently joined. There is no possibility that Plaintiffs can establish liability against Firestone Brazil based upon their pleadings, and Firestone Brazil has been joined solely for the purpose of defeating diversity jurisdiction and removal.  Removal on a theory of fraudulent joinder is appropriate where there is no reasonable basis for predicting that a plaintiff can recover against the fraudulently joined defendant.  *Badon v. R.J.R. Nabisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2000).

14.     Furthermore, Firestone Brazil is fraudulently joined as Plaintiffs' claims against it cannot be maintained in Texas under the Due Process Clause of the 14th Amendment to the United States Constitution.  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 102–04 (1987) (stating that a court may not exercise personal jurisdiction over a party in violation of the due process clause).  If a defendant is a nonresident of the United States, a court may exercise either specific or general personal jurisdiction over it.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).  General jurisdiction exists when a nonresident defendant's contacts with the forum state are unrelated to the cause of action, but are "substantial" and "continuous and systematic."  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).  Specific jurisdiction exists when the cause of action arises from

or is directly related to the nonresidents' particular activity or conduct within the forum. *Id.* Texas has neither general nor specific jurisdiction over Firestone Brazil in this case.

15. If Plaintiffs' Original Petition is attempting to name Bridgestone Americas Holding, Inc. as a Defendant, they have not clearly done so. It is difficult to determine from Plaintiffs' Original Petition what Defendants they are attempting to sue. Bridgestone Americas Holding, Inc. is a Nevada corporation with its principal place of business in Nashville, Tennessee. It does not do business in Texas, nor does it have any authorized agents in Texas doing business on its behalf.

16. When Olivarez is properly realigned, and the improperly and/or fraudulently joined Firestone Brazil is excluded, diversity exists in that Plaintiffs are Mexico and Texas citizens, and the remaining Defendants are citizens of Tennessee and Delaware (Firestone); and Nevada and Tennessee (Bridgestone Americas Holding, Inc.). The properly joined Defendants are not citizens of Texas.

17. By realigning Olivarez with Plaintiffs, the Court would not be ignoring Plaintiffs' claims against him for negligent entrustment. Once a Court has jurisdiction of the main claim, it can then adjudicate other claims among the non-diverse parties that are closely related to the main claim and are ancillary to the main suit. *Eikel*, 473 F.2d at 965. This is so even where jurisdiction would otherwise be lacking over the ancillary claims. *Id.* Therefore, any dispute that arises between Plaintiffs and Olivarez regarding negligent entrustment of the vehicle would be within the ancillary jurisdiction of this Court. *Id.*

18. Plaintiffs' Original Petition does not set forth a specific amount of damages claimed. However, Plaintiffs allege causes of action under the Texas Wrongful Death Act and

Texas Survival Act, and for serious and permanent personal injuries along with interest and costs. Clearly, the amount in controversy exceeds $75,000, exclusive of interest and costs.[9]

19.    The Court has removal jurisdiction over this action pursuant to 28 U.S.C. § 1441 and § 1446.

20.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing Cameron County, Texas, the place where the state action is pending.

21.    This Notice of Removal is filed timely, as thirty (30) days have not elapsed since any proper Defendants first received a copy of Plaintiffs' Original Petition through service or otherwise, and this Notice of Removal is filed less than one year after the action was commenced. Defendant Firestone was the first proper Defendant to receive a copy of Plaintiffs' initial pleading. That notice came on June 20, 2003. Alleged "Defendant" Olivarez was served on June 18, 2003. However, since Olivarez is a fraudulently-joined Defendant who should be realigned as a Plaintiff, this notice should not begin Defendants' removal deadline. No Defendant had received a copy of Plaintiffs' initial pleading, through service or otherwise, prior to June 20, 2003. Thus, this Notice of Removal is timely, and all conditions and procedures for removal have been satisfied. A filing fee of $150.00 is tendered herewith.

22.    All relevant Defendants consent to this removal. Because Olivarez is a fraudulently-joined Defendant who should be realigned with Plaintiffs for purposes of jurisdiction, his consent is not needed. Plaintiffs have not perfected service nor appropriately named whatever entity they are attempting to describe as "Bridgestone/Firestone Brazil." Furthermore, if Plaintiffs have attempted to name Bridgestone Americas Holding, Inc. as a

---

[9]    If Plaintiffs will stipulate in writing that they are not seeking any recovery beyond $74,999.00, Firestone will not oppose Plaintiffs' Motion to Remand.

Defendant, then this entity is fraudulently joined because it does not do business in the State of Texas. Out of an abundance of caution, Bridgestone Americas Holdings, Inc. is joining in this removal. The only properly named and joined Defendant is Firestone, which is filing this Notice of Removal.

23.    True and correct copies of all executed process, pleadings and orders that were served upon Defendants, and the docket sheet are attached and incorporated by reference for all purposes, as well as an index of matters being filed and a list of all counsel of record, including addresses, telephone numbers and parties represented. Additional papers may have been filed in state court prior to removal. The removing party will supplement the record if necessary.

24.    Firestone has given prompt written notice of the filing of this Notice of Removal to all adverse parties and has filed a copy of the Notice of Removal with the Clerk of the 357th Judicial District Court of Cameron County, Texas as required by 28 U.S.C. § 1446(d).

25.    Plaintiffs demanded a jury in their Original Petition.

26.    The removing parties filed certain preliminary matters in the state court prior to removal such as special appearances and motions to transfer. The removing parties specifically reserve their rights concerning these preliminary matters and do not intend to waive any matter asserted in the state court prior to removal.

Accordingly, Defendant Firestone removes this action now pending in the 357th Judicial District Court of Cameron County, Texas to this Court.

Dated: July 17, 2003

Respectfully submitted,

VINSON & ELKINS L.L.P.

By _____

Knox D. Nunnally
State Bar No. 15141000
Don C. Griffin
State Bar No. 08456975
Kyle Farrar
State Bar No. 24034828
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone:  (713) 758-3508
Facsimile:  (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* has been served on all counsel of record by mailing same certified mail, return receipt requested, this 17th day of July, 2003.

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas  78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas  78503

DON C. GRIFFIN

# ATTACHMENT 1

R E T . R N   O F   O F F I C E R

**CERTIFIED COPY**

Came to hand the _17th_ day of _June_ , _2003_ , at _2:30_ o'clock _P_.M., and
executed (not executed) on the _18th_ day of _June_ , _2003_ , by delivering to
_Attorney Larry L. Lawrence Accepting Service on his behalf_ in person a true copy of this Citation,
upon which I endorsed the date of delivery, together with the accompanying copy
of the _Plaintiff's Original Petition_ _____.

Cause of failure to execute this citation is: _____
_____

FEES serving 1 copy

Total....... $_____        _____ County, TEXAS

Fees paid by:_____        Sheriff/constable

By _Felix de la Baya_ _____ Deputy





A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
        DEPUTY

# EXHIBIT A

**EXHIBIT A**    Index of Matters Being Filed;

**EXHIBIT B**    List of all counsel of record, including  addresses, telephone numbers, and parties represented;

**EXHIBIT C**    True and correct copy of pleading asserting causes of action;

**EXHIBIT D**    True and correct copy of answer filed in the state court action;

**EXHIBIT E**    True and correct copy of all executed process; and

**EXHIBIT F**    True and correct copy of the Docket Sheet of the state court action.

# EXHIBIT B

***Attorneys for Plaintiffs:***
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
Telephone:     (956) 787-8182
Facsimile:      (956) 787-4324

***Attorneys for Juan Hernandez Olivarez:***
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
One Park Place, Suite 680
McAllen, Texas 78503
Telephone      (956) 994-0057
Facsimile:      (956) 994-0741

***Attorneys for Defendant, Bridgestone/Firestone North American Tire, L.L.C. (successor to Bridgestone/Firestone, Inc.):***
Knox D. Nunnally
Don C. Griffin
Kyle W. Farrar
VINSON & ELKINS L.L.P.
2300 First City Tower
1001 Fannin
Houston, Texas  77002
Telephone:     (713) 758-2416
Facsimile:      (713) 615-5220

***and***

Joseph A. Rodriguez
Rodriguez, Colvin & Chaney L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas  78522
Telephone:     (956) 542-7441
Facsimile:      (956) 541-2170

# EXHIBIT C



CAUSE NO. *2003-06-3047-E*          CERTIFIED COPY

| | |
|---|---|
| JOSE ROLANDO MENDOZA § | IN THE DISTRICT COURT |
| MARIA DOLORES REYES, AS § | |
| NEXT FRIEND TO JESUS HUMBERTO§ | |
| SILLER AND MARIA TELESFORO § | |
| ROSALES, AS NEXT FRIEND TO § | |
| VICTOR GERARDO HERNANDEZ § | |
|     Plaintiffs § | **357** JUDICIAL DISTRICT |
| VS. § | |
| § | |
| § | |
| BRIDGESTONE/FIRESTONE BRAZIL § | |
| A foreign subsidiary of BRIDGESTONE § | |
| AMERICAS HOLDING, INC., § | |
| BRIDGESTONE/FIRESTONE NORTH § | |
| AMERICAN TIRE, LLC, and JUAN § | |
| HERNANDEZ OLIVAREZ § | |
|     Defendants § | CAMERON COUNTY, TEXAS |



FILED **4:30** O'CLOCK **P** M
AURORA DE LA GARZA DIST. CLERK
JUN 13 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
*Reynaldo* DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **JOSE ROLANDO MENDOZA, MARIA DOLORES REYES, AS NEXT FRIEND TO**

**JESUS HUMBERTO SILLER AND MARIA TELESFORO ROSALES, AS NEXT FRIEND TO**

**VICTOR GERARDO HERNANDEZ** complaining of **BRIDGESTONE/FIRESTONE BRAZIL, a**

**foreign subsidiary of BRIDGESTONE AMERICAS HOLDING, INC., BRIDGESTONE/FIRESTONE**

**NORTH AMERICAN TIRE, LLC and JUAN HERNANDEZ OLIVAREZ** and for cause of action

would show as follows:

### I. DISCOVERY

This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiffs are residents of the Republic of Mexico.

Defendant, Bridgestone/Firestone Brazil, a subsidiary of Bridgestone Americas Holding, Inc., is a

Tennessee corporation, doing business through its authorized agents in the State of Texas, and may be served

1

CERTIFIED COPY

with process through its registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

Defendant, Bridgestone/Firestone North American Tire LLC, is a Delaware corporation, doing business through its authorized agents in the State of Texas, and may be served with process through its registered agent, National Registered Agents, Inc. 1614 Sidney Baker Street, Kerville, Texas 78028.

Defendant, Juan Hernandez Olivarez, is an individual who resides in Cameron County, Texas and who may be served with process at 1035 Flor del Valle, Brownsville, Texas 78521 or wherever found.

### III. JURISDICTION & VENUE

Jurisdiction and venue are appropriate in Cameron County under Civil Practice & Remedies Code Section 15.002 and 15.005. Defendant Olivarez is a resident of Cameron County. Since venue is proper as to Defendant Olivarez, venue is proper as to all Defendants.

### IV. FACTS

On or about May 25, 2002, Gerardo A. Hernandez was driving a 1996 Dodge Stratus on the main highway connecting the cities of Valle Hermoso and Empalme, Tamaulipas, Mexico. The vehicle was entrusted to this minor driver by his father Defendant Olivarez. Plaintiffs were passengers in the subject vehicle. While traveling northbound, the right rear tire suffered a catastrophic tread and belt failure. The tire failure caused the vehicle to become unstable, slide out of control and slam into a tree. As a result of the accident, Plaintiffs sustained severe, disabling injuries and the driver was killed.

### V. STRICT PRODUCT LIABILITY AS TO BRIDGESTONE DEFENDANTS

The failed tire is a Lemans P-Metric tire, which was collectively designed, manufactured, marketed and sold by Bridgestone/Firestone Brazil, a subsidiary of Bridgestone Americas Holding, Inc. and Bridgestone/Firestone North American Tire LLC, hereinafter referred to as "Bridgestone". Plaintiffs hereby aver that the subject tire was defectively designed, manufactured and marketed. These defects rendered the tire unreasonably dangerous at the time it was sold and placed into the stream of commerce. The defective

CERTIFIED COPY

condition of the tire caused a catastrophic tread separation. This tread separation and resulting mode of tire failure were a producing cause of the accident and injuries previously described. Therefore, the Bridgestone Defendants are jointly and strictly liable to Plaintiffs under Texas products liability law.

## VI. NEGLIGENCE AS TO DEFENDANT OLIVAREZ

The subject vehicle was entrusted to the driver Gerardo A Hernandez, a minor, by Defendant Olivarez. Based on information and belief, Defendant Olivarez negligently entrusted the subject vehicle to his son. Plaintiffs aver that such entrustment by Defendant Olivarez constituted a failure to use ordinary care which is a proximate cause of the accident and resulting injuries.

## VII. DAMAGES

As a proximate result of the conduct of the Defendants, all of the Plaintiffs suffered painful and debilitating injuries. These injuries have caused Plaintiffs to incur medical expenses and a loss of earning capacity in the past, and in all reasonable probability, will require him to incur additional medical expenses and a loss of earning capacity in the future. These injuries have further resulted in Plaintiffs suffering impairment, mental anguish, pain and suffering in the past, and within reasonable probability, will cause them to suffer from more of the same during the remainder of their lives.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs asks that citations be issued for Defendants and that upon final trial, the court enter judgment in favor of Plaintiffs in excess of the minimal jurisdictional limits of the court, pre-judgment and post-judgment interest, costs of court, and such other relief to which the Plaintiffs may be justly entitled.

**PLAINTIFFS HEREBY REQUESTS A JURY TRIAL AND TENDER THE APPROPRIATE FEE.**

3

CERTIFIED COPY

Respectfully submitted,

VASQUEZ LAW FIRM, P.C.
A Professional Corporation
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-8182
(956) 787-4324 (fax)

By: _____
GILBERT L. VASQUEZ
State Bar No. 00797593
ATTORNEY FOR PLAINTIFFS

563301



DISTRICT COURT
CAMERON COUNTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE
BY_____ DEPUTY

4

CERTIFIED COPY

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA, CLERK
JUN 2 4 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2003-06-3067-E

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA | § | IN THE DISTRICT COURT |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
|     Plaintiffs | § | 357th JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANT/CROSS-PLAINTIFF, JUAN HERNANDEZ OLIVAREZ'S, ORIGINAL CROSS ACTION AGAINST BRIDGESTONE/FIRESTONE BRAZIL, a foreign subsidiary of BRIDGESTONE AMERICAS HOLDING, INC., & BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JUAN HERNANDEZ OLIVAREZ Individually and on Behalf of all the Wrongful Death Beneficiaries of GERARDO A HERNANDEZ, Deceased,** herein after referred to as Cross-Plaintiff, complaining by way of Cross-Action of **BRIDGESTONE/FIRESTONE BRAZIL, a foreign subsidiary of BRIDGESTONE AMERICAS HOLDING, INC., and BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC** and for cause of action would show as follows:

### I.

Defendant/Cross-Plaintiff, Juan Hernandez Olivarez, is an individual who resides in Cameron County, Texas, who brings this action Individually and on behalf of those persons entitled to make claims under the Texas Wrongful Death Statute for the death of Gerardo A. Hernandez.

Plaintiffs are residents of the Republic of Mexico.

1

CERTIFIED COPY

Defendant, Bridgestone/Firestone Brazil, a subsidiary of Bridgestone Americas Holding, Inc., is a Tennessee corporation, doing business through its authorized agents in the State of Texas, and may be served with process through its registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

Defendant, Bridgestone/Firestone North American Tire LLC, is a Delaware corporation, doing business through its authorized agents in the State of Texas, and may be served with process through its registered agent, National Registered Agents, Inc. 1614 Sidney Baker Street, Kerville, Texas 78028.

## II.

On or about May 25, 2002, Gerardo A. Hernandez was driving a 1996 Dodge Stratus on the main highway connecting the cities of Valle Hermoso and Empalme, Tamaulipas, Mexico. While traveling northbound, the right rear tire suffered a catastrophic tread and belt failure. The tire failure caused the vehicle to become unstable, slide out of control and slam into a tree. As a result of the accident, Gerardo A. Hernandez was killed..

## III.

The failed tire is a Lemans P-Metric tire, which was collectively designed, manufactured, marketed and sold by Bridgestone/Firestone Brazil, a subsidiary of Bridgestone Americas Holding, Inc. and Bridgestone/Firestone North American Tire LLC, hereinafter referred to as "Bridgestone". Cross-Plaintiff avers that the subject tire was defectively designed, manufactured and marketed. These defects rendered the tire unreasonably dangerous at the time it was sold and placed into the stream of commerce. The defective condition of the tire caused a catastrophic tread separation. This tread separation and resulting mode of tire failure were the producing cause of the accident and injuries previously described. Therefore, the Bridgestone Defendants are jointly and strictly liable to Cross-Plaintiff under Texas products liability law.

**IV.**

CERTIFIED COPY

The conduct of the Bridgestone Defendants is the sole producing cause of the injuries and subsequent death of Gerardo A. Hernandez. A claim is hereby asserted pursuant to the Texas Wrongful Death and Survival Statutes. Cross-Plaintiff Juan Hernandez Olivarez is the natural father of Gerardo A Hernandez, deceased. As a result of the injuries and death of his son, Cross-Plaintiff has suffered great mental anguish, emotional pain, suffering, a loss of society, loss of love, loss of joy, loss of companionship, loss of consortium, and a loss of the family relationship he would have otherwise enjoyed had his son survived him. As a further result of his son's death, Cross-Plaintiff has also had to incur reasonable and necessary funeral and burial expenses.

**WHEREFORE, PREMISES CONSIDERED,** Cross-Plaintiff asks that citations be issued for Bridgestone-Defendants and that upon final trial, the court enter judgment in favor of Cross-Plaintiff in excess of the minimal jurisdictional limits of the court, pre-judgment and post-judgment interest, costs of court, and such other relief to which the Cross-Plaintiff may be justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By: _____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195
ATTORNEY FOR CROSS-PLAINTIFF

**CERTIFIED COPY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this _19th_  Day of _June_  2003:


ATTORNEY FOR PLAINTIFFS

Gilbert Vasquez                      *Via Fax (956) 787-4324*
VASQUEZ LAW FIRM, P.C.
A Professional Corporation
814 Del Oro Lane
Pharr, Texas 78577



LARRY W. LAWRENCE, JR.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEX
DATE
DEPUTY

4

# EXHIBIT D

CERTIFIED COP

CAUSE NO.  2003-06-3067-E

FILED
AURORA DE LA GARZA, CLER
JUN 2 4 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA | § | IN THE DISTRICT COURT |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
| Plaintiffs | § | 357th  JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT JUAN HERNANDEZ OLIVAREZ

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JUAN HERNANDEZ OLIVAREZ,** and files this Original Answer to Plaintiffs' Original

Petition, and in support of same would show as follows :

### I. GENERAL DENIAL

Defendant, Juan Hernandez Olivarez, denies each and every allegation made against him in

Plaintiffs' Original Petition and demands strict proof of same.

**WHEREFORE, PREMISES CONSIDERED,** this Defendant ask that the Plaintiffs take nothing

against him by their suit and that the court grant him such other relief to which he may be justly entitled.

1

CERTIFIED COPY

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:_____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE
BY
DEPUTY

**CERTIFIED COPY**

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___19th___ Day of _June_ 2003:

ATTORNEY FOR PLAINTIFFS

Gilbert Vasquez                    *Via Fax (956) 787-4324*
VASQUEZ LAW FIRM, P.C.
A Professional Corporation
814 Del Oro Lane
Pharr, Texas 78577

LARRY W. LAWRENCE, JR.

3

# EXHIBIT E

Citation for Personal Service  - GENERAL _____  Lit. Seq. # 5.006.01

### No. 2003-06-003067-E

T H E   S T A T E   O F   T E X A S  **ORIGINAL**

**CERTIFIED COPY**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JUAN HERNANDEZ OLIVAREZ
    1035 FLOR DEL VALLE
    BROWNSVILLE, TEXAS 78521

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____. A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003067-E.

The style of the case is:

JOSE ROLANDO MENDOZA ET AL.
VS.
BRIDGESTONE/FIRESTONE BRAZIL ET AL.

Said petition was filed in said court by _____ GILBERT L. VASQUEZ _____ (Attorney for _____ PLAINTIFF _____ ), whose address is 814 DEL ORO LANE PHARR, TEXAS 78577 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 13th day of JUNE , A.D. 2003.

_____ AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: Reynaldo _____ , Deputy

RETURN OF OFFICER                                    **CERTIFIED COPY**

Came to hand the _17th_ day of _June_, _2003_, at _2:30_ o'clock _P_.M., and

executed (not executed) on the _18th_ day of _June_, _2003_, by delivering to

_Attorney Larry L. Lawrence Accepting Service on his behalf_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy     _____

Total....... $_____     Sheriff/constable _____ County, TEXAS

Fees paid by:_____     By _Felix de la Barza_ _____ Deputy



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE _____
BY _Jessica Alva_
                    DEPUTY

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  AMY S BRECK_NRIDGE
BRIDGESTONE/FIRESTONE NORTH AMERICA  **RECEIVED**
1200 FIRESTONE PARKWAY
AKRON, OH 44317-

JUN 2 3 2003

SOP Transmittal #  TX24475

Telephone  (800) 767-1553
Fax  (609) 716-0820

Defendant:  **BRIDGESTONE AMERICAS HOLDING, INC.** (Served as B/F Brazil, a foreign subsidiary of B/F Americas.. )

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TEXAS on this 20th day of June, 2003. The following is a summary of the document(s) received:

1) **Title of Action:**  Jose Rolando Mendoza et al vs. B/F Brazil etc., et al

2) **Document(s) served:**

| | | |
|---|---|---|
| _ Summons | _ Subpoena | _ Injunction |
| _ Complaint | _ Third Party Complaint | _ Notice of: |
| X Petition | _ Demand for Jury Trial | _ Mechanics Lien |
| _ Garnishment | _ Default Judgement | X Other: Citation |

*(handwritten: 7-14-03  635199)*

3) **Court of Jurisdiction/ Case & Docket Number:**  357th JDC, Cameron County, TX  2003-06-3067-E

4) **Amount claimed, if any:**  Not specified

5) **Method of Service:**

| | | | |
|---|---|---|---|
| _ Personally Served By: | _ Process Server | _ Deputy Sheriff | _ U.S. Marshall |
| X Delivered Via: | X Certified Mail | _ Regular Mail | _ Facsimile |
| _ Other | | | |

6) **Date and Time of Service:**  6/20/2003 11:58:14 AM

7) **Appearance/Answer Date:**  20 Days

8) **Plaintiff's Attorney:**  Gilbert L. Vasquez
Vasquez Law Firm, P C.
814 Del Oro Lane
Pharr, TX 78577
(956) 787-8182

9) **Federal Express Airbill #**  791417520473

10) **Call Made To:**  Not required

11) **Special Comments:**
Envelope was postmarked June 18, 2003.

**NATIONAL REGISTERED AGENTS, INC.**          **Copies To:**

Transmitted by: Leah Bellamy

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for the informational purposes only and should not be considered a legal opinion  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take the appropriate action

**ORIGINAL**

Citation for Personal service NON-RESIDENT NO E    Lit. Seq. # 5.004.01

No. 2003-06-003067-E

THE    STATE    OF    TEXAS                    COPY

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may b taken against you.

TO: BRIDGESTONE / FIRESTONE BRAZIL
    SERVING REGISTERED AGENT
    NATIONAL REGISTERED AGENTS,INC
    1614 SIDNEY BAKER STREET
    KERRIVILLE, TEXAS 78028

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 d    after the date of service of this citation before the Honorable District (   : 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on   JUNE 13, 2003   .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003067-E.

The style of the case is:

JOSE ROLANDO MENDOZA ET AL.
VS.
BRIDGESTONE/FIRESTONE BRAZIL ET AL.

Said petition was filed in said court by        GILBERT L. VASQUEZ
(Attorney for        PLAINTIFF        ), whose address is
814 DEL ORO LANE PHARR, TEXAS  78577

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law di   ts.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 13th day of    JUNE    , A.D. 2003.

DISTRICT CO.    AURORA DE LA GARZA        , DISTRICT CLERK

# EXHIBIT F

RUN DATE 07/11/03
RUN TIME  3:58 PM

# CERTIFIED COPY

PAGE: 01

2003-06-003067-E

```
*  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *  *            (10)                06        13        03
```

JOSE ROLANDO MENDOZA ET AL.

VS

BRIDGESTONE/FIRESTONE BRAZIL ET AL.

DAMAGES

00563301
GILBERT L. VASQUEZ
814 DEL ORO LANE
PHARR, TEXAS            78577 0000

00496201
HON LARRY W. LAWRENCE,JR.
ONE PARK PLACE, SUTIE 680
MCALLEN, TEXAS          78503 0000

06/13/03   ORIGINAL PETITION FILED
06/13/03   CITATION: BRIDGESTONE / FIRESTONE
           BRAZIL
06/13/03       SERVED:
06/13/03   CITATION: BRIDGESTONE/FIRESTONE NORTH
           AMERICAN -
06/13/03       SERVED:
06/13/03   CITATION: JUAN HERNANDEZ OLIVAREZ
06/13/03       SERVED: 06/18/03    FILED: 06/20/03
06/24/03   ORIGINAL ANSWER: JUAN HERNANDEZ
           OLIVAREZ
06/24/03   CROSS ACTION: JUAN HERNANDEZ OLIVAREZ
07/11/03   ORIGINAL ANSWER: BRIDGESTONE/FIRESTONE
           NORTH AMERICAN -

