IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
|     Plaintiffs | § | CIVIL ACTION B-03-126 |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

United States District Court
Southern District of Texas
FILED

AUG 0 7 2003

Michael N. Milby
Clerk of Court

## PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **JOSE ROLANDO MENDOZA, MARIA DOLORES REYES, AS NEXT FRIEND TO JESUS HUMBERTO SILLER AND MARIA TELESFORO ROSALES, AS NEXT FRIEND TO VICTOR GERARDO HERNANDEZ** and file this Motion to Remand and in support of same would show as follows:

### I. FACTS

This case arises out of a single vehicle accident which occurred on May 25, 2003. Plaintiffs were passengers in a 1996 Dodge Status driven by Gerardo Hernandez, Deceased. The right rear tire of the vehicle suffered a catastrophic tire failure, resulting in a loss of control and a crash. Plaintiffs were injured in the accident. Attached to this motion is the affidavit of Defendant Juan Hernandez Olivarez. **Exhibit "A"**. This affidavit demonstrates that Olivarez knowingly entrusted the accident vehicle to his fourteen (14) year old son Gerardo. Gerardo did not have a driver's license. The affidavit further confirms that at all times pertinent to the issue of jurisdiction, Defendant Olivarez has been a resident of Texas.

## II. NO DIVERSITY JURISDICTION

The removal of this case is based solely on an allegation of diversity jurisdiction. Diversity jurisdiction does not exist in this case. One of the Defendants, Juan Hernandez Olivarez, is a citizens of the State of Texas. Therefore, the case must be remanded.

## II. ALL DEFENDANTS DID NOT CONSENT

The removal statute requires all served defendants to join in the removal. *28 U.S.C. section 1446(b)* The removing defendant must secure written consent to remove from the other served defendants. The consent must be in writing and must give official notice of consent. *Getty Oil Corp. v. Insurance Co., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)* The consent must be given within thirty (30) days from the date the first defendant is served. *Id. at 1262-63* If one of the defendants refuses consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff. *Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992)* In the present case, Defendant Olivarez has not consented to the removal. Therefore, the removal is defective and a remand is required.

## III. CLEAR AND CONVINCING PROOF REQUIRED TO SHOW FRAUDULENT JOINDER

The sole basis for the Bridgestone Defendants' claim of diversity jurisdiction is an alleged fraudulent joinder of Defendant Olivarez. To prove fraudulent joinder, a defendant must show that there is **"no possibility"** the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1291 (11th Cir. 1998).* A defendant seeking to show that a non-diverse party is fraudulently joined bears a "heavy burden" of making such a showing by "clear and convincing evidence". *Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998).* To resolve the issue, the district court may use a summary judgment like procedure and consider affidavits and other evidence outside the pleadings. *Burchett v. Cargill, Inc., 48 F.3d 173, 176 (5th Cir 1995).* Moreover, the court must initially resolve in favor of the plaintiff all disputed questions in the state law and all contested issues of substantive fact. *Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983).*

## IV. FIRESTONE CANNOT PROVE FRAUDULENT JOINDER BY CLEAR AND CONVINCING EVIDENCE

Plaintiffs allege that Defendant Olivarez entrusted his 1996 Dodge Status to his fourteen (14) year old son, Gerardo Hernandez. Given his son's youth, inexperience and lack of a formal driver's license, Plaintiffs aver that Defendant Olivarez knew or should have known that he was entrusting his vehicle to a person who was not competent to deal with the consequences of a catastrophic tire failure like that which occurred in this case. Texas law has long recognized "negligent entrustment" as a viable cause of action. The elements of negligent entrustment in Texas are: (1) entrustment of a vehicle by the owner; (2) to an un-licenced, incompetent or reckless driver; (3) who the owner knew or should have known to be un-licensed, incompetent, or reckless; (4) who was negligent on the occasion in question; (5) and whose negligence proximately caused the accident. ***Williams v. Steves Industries, Inc.* 699 S.W. 2d 570, 571 (Tex. 1985).** Liability for negligent entrustment may be imposed on a person who controls a vehicle, but does not actually own it. ***Rodriguez v. Sciano, 18 S.W. 3d 725, 728 n.6 (Tex. App.–San Antonio 2000, no pet.)*** Moreover, a person who entrust a vehicle to another whom the persons knows to be an un-licensed driver is in violation of the law, and therefore, guilty of negligence per se. ***Mundy v. Pirie-Slaughter Motor Co., 206 S.W. 2d 587, 590 (1947); Texas Transp. C. Section 521.458.*** Based on the attached and undisputed proof, more than a scintilla of evidence exists to support a cause of action against Defendant Olivarez for negligent entrustment. As such, the Firestone Defendants cannot meet their burden of showing clear and convincing proof of fraudulent joinder. Since Olivarez is a non-diverse defendant, this Court has no jurisdiction over the case and must order a remand to state court.

## V. REALIGNMENT OF THE PARTIES IS IMPROPER

Firestone's request to realign Defendant Olivarez as a plaintiff is founded on the same improper premise as its allegation of fraudulent joinder. Because he knowingly entrusted his vehicle to an under-aged and un-licensed driver, Defendant Olivarez is a named defendant in Plaintiffs' Original Petition. Whether

3

the necessary alignment is present in this case must be ascertained from the principal purpose of the original suit and the primary and controlling matter. *City of Indianapolis v. Chase Nat'l Bank of New York City, 314 U.S. 63, 69-70 (1941)* This Court cannot consider any claims Defendant Olivarez has made in his cross-action against Firestone to determine the primary issue in dispute. *Zurn Indus., Inc. v. Acton Constr. Co., Inc., 847 F.2d 234, 237 (5th Cir. 1988).* Clearly the "primary issue" in this case is apportioning responsibility for the subject auto accident and resulting injuries. To sustain its removal, Firestone has the burden to show that there is **no possibility** of a recovery by the Plaintiffs against Defendant Olivarez. The Texas cases cited above and the attached proof demonstrate that a viable cause of action for negligent entrustment exists as to Defendant Olivarez under Texas law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request a remand of this case to the 357th District Court of Cameron County, Texas for further proceedings and such other relief to which they are entitled.

Respectfully submitted,

GUSTAVO L. ACEVEDO, JR.
Attorney At Law
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-8182
(956) 787-4324

By:_____
GUSTAVO ACEVEDO, JR.
State Bar No. 00829805
Federal I.D. No. 10810
ATTORNEY IN CHARGE FOR PLAINTIFFS

Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
(956) 787-8182
(956) 787-4324 (fax)
State Bar No. 00829805
CO-COUNSEL FOR PLAINTIFFS

4

## CERTIFICATE OF SERVICE

This document was delivered to the following attorneys for Defendants this ____ day of August 2003:

Mr. Don C. Griffin
Vinson & Elkins, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Larry W. Lawrence, Jr.
Lawrence Law Firm, P.C.
One Park Place, Suite 525
McAllen, Texas 78503

_____
GUSTAVO L. ACEVEDO, JR.

## CERTIFICATE OF CONFERENCE

The Plaintiffs/Movants hereby affirm that they conferred with Defendants regarding this motion and the Bridgestone/Firestone Defendants are opposed to remand. Defendant Olivarez did not consent to the removal and is therefore in favor of remand.

_____
GUSTAVO L. ACEVEDO, JR

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
|    Plaintiffs | § | CIVIL ACTION B-03-126 |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |
|    Defendants | § | CAMERON COUNTY, TEXAS |

### AFFIDAVIT OF JUAN HERNANDEZ OLIVAREZ

STATE OF TEXAS            *
                          *
COUNTY OF CAMERON         *

On this day, came before me, the undersigned Notary Public, Juan Hernandez Olivarez, and upon taking the oath, stated the following: "My name is Juan Hernandez Olivarez. I am over the age of twenty-one and competent to give this affidavit. I am a Defendant in the above captioned cause of action. I am the biological father of Gerardo A. Hernandez, deceased. On May 25, 2003, the day of the accident that is the subject of the lawsuit, my son Gerardo was driving a 1996 Dodge Status which I allowed him to drive. On May 25, 2003, I knew that Gerardo was fourteen (14) years of age and did not have a driver's license. On May 25, 2003, and at all times since such date, I have been Legal Resident Alien of the United States of America. On May 25, 2003, and at all times since such date, I have been a citizen of the State of Texas. My address is 1035 Flor del Valle, Brownsville, Cameron County Texas. The statements contained in this affidavit are based on my personal knowledge and are true and correct."

Affiant further sayeth not.   Signed this ____ Day of August 2003.

_____        _____
JUAN HERNANDEZ OLIVAREZ                 NOTARY PUBLIC, STATE OF TEXAS



RICARDO TAMEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-01-2006

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
| **Plaintiffs** | § | CIVIL ACTION B-03-126 |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |
| **Defendants** | § | CAMERON COUNTY, TEXAS |

## ORDER OF REMAND

On this day came to be considered, Plaintiffs' Motion for Remand. The Court hereby grants the motion and remands this case to the 357th District Court of Cameron County, Texas for further proceedings.

SIGNED THIS _____ DAY OF _____ 2003.

_____
JUDGE PRESIDING

8