IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA, MARIA DOLORES REYES, AS NEXT FRIEND TO JESUS HUMBERTO SILLER AND MARIA TELESFORO ROSALES, AS NEXT FRIEND TO VICTOR GERARDO HERNANDEZ | § § § § § § § | |
| VS. | § § | C.A. NO. B-03-126 |
| BRIDGESTONE/FIRESTONE BRAZIL A foreign subsidiary of BRIDGESTONE AMERICAS HOLDING, INC., BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, and JUAN HERNANDEZ OLIVAREZ | § § § § § § § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

AUG 1 2 2003

Michael N. Milby
Clerk of Court

## NOTICE OF FILING AFFIDAVIT

**BRIDGESTONE AMERICAS HOLDING, INC.** files this declaration in support of its motion to dismiss on various 12(b) grounds previously filed with the Court.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By_____
Knox D. Nunnally
State Bar No. 15141000
Federal I.D. No. 1282
Don C. Griffin
State Bar No. 08456975
Federal I.D. No. 29446
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone: (713) 758-3508
Facsimile: (713) 615-5985

1318731_1.DOC

ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this __4__ day of August, 2003.

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

_____
DON C. GRIFFIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA, <br> MARIA DOLORES REYES, AS <br> NEXT FRIEND TO JESUS HUMBERTO <br> SILLER AND MARIA TELESFORO <br> ROSALES, AS NEXT FRIEND TO <br> VICTOR GERARDO HERNANDEZ <br><br> VS. <br><br> BRIDGESTONE/FIRESTONE BRAZIL <br> A foreign subsidiary of BRIDGESTONE <br> AMERICAS HOLDING, INC., <br> BRIDGESTONE/FIRESTONE NORTH <br> AMERICAN TIRE, LLC, and JUAN <br> HERNANDEZ OLIVAREZ <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | C.A. NO. B-03-126 |

## DECLARATION OF KERRY CANTRELL ON BEHALF OF
## BRIDGESTONE AMERICAS HOLDING, INC.

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

1. I am currently the Assistant Secretary of Bridgestone Americas Holding, Inc. ("BAH"), a Nevada corporation with its principal place of business in Nashville, Tennessee. BAH was incorporated as BMAH Corp. on December 12, 1994. I have been employed by BAH or an affiliate of BAH since May 20, 1988 and have been the Assistant Secretary since November 30, 2001. My responsibilities include corporate record-keeping and I am authorized and qualified to make this Declaration on behalf of BAH. The matters stated in this Declaration are either within my personal knowledge or have been assembled by authorized employees and counsel of defendant. I am informed and believe that the responses are true and correct.

1301261_1.DOC

2. BAH, formerly known as BMAH Corp. was incorporated under the laws of the State of Nevada on December 12, 1994. On September 11, 2001, BMAH Corp. changed its name to Bridgestone Americas Holding, Inc. ("BAH"). Since September 11, 2001, BMAH has had its principal office located in Nashville, Tennessee. Prior to September 11, 2001, BMAH had its principal offices in Reno, Nevada. BAH is a non-operational holding company. BAH does not directly manufacture, design nor market tires nor has it ever done so. As a holding company, BAH has wholly-owned subsidiaries that to varying degrees engage in the business of designing, manufacturing, and marketing tires under various brand names.

3. I understand that Plaintiffs in the above-entitled action have named as a Defendant, among others, "Bridgestone/Firestone Brazil a foreign subsidiary of Bridgestone Americas Holding, Inc." I further understand that the basis of the lawsuit is an alleged automobile accident that took place in Mexico on or about May 25, 2002. No entity named "Bridgestone/Firestone Brazil" exists. BAH does have a wholly-owned corporate subsidiary in Brazil named Bridgestone/Firestone do Brasil Industria e Comercio Ltda. However, BAH is not the registered agent for service for this Brazilian entity.

4. As a holding company, BAH owns, directly or indirectly, investments in various individual companies. Bridgestone/Firestone North American Tire, L.L.C. ("Firestone") is a wholly-owned corporate subsidiary of BAH. BAH and Firestone are separate and distinct legal entities from each other. Firestone and Bridgestone/Firestone do Brasil Industria e Comercio Ltda are separate and distinct legal entities from each other.

5. BAH has never designed, manufactured, or marketed tires. BAH has never conducted business in Texas to the extent that it has never marketed goods or services in Texas

or to Texas residents. BAH has no bank accounts in Texas nor does it directly own any real or personal property in Texas.

6. BAH has no employees based in Texas. BAH does not have a place of business in Texas. BAH does not advertise within Texas. BAH has no sales or marketing activities within Texas and has no agents or sales representatives in Texas. BAH does not ship products for resale in Texas. BAH does not have a Texas telephone number or post office box.

7. BAH does not have any tire warranty or tire service facilities within Texas through independent contractors. BAH has no employees in Texas.

8. BAH does not have any loan applications with any Texas banks or financial institutions.

9. BAH does not have meetings of directors or shareholders within Texas.

10. Assuming the allegations in Plaintiffs' Petition regarding ownership of he vehicle are correct, BAH had no control over the vehicle in question at the time of the accident."

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

_____
KERRY CANTRELL
ASSISTANT SECRETARY

SWORN and subscribed to before me, the undersigned authority, on this the 8th day of August, 2003.

_____
Notary Public, State of Tennessee

My commission expires: November 26, 2005