IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE ROLANDO MENDOZA, <br> MARIA DOLORES REYES, AS <br> NEXT FRIEND TO JESUS HUMBERTO <br> SILLER AND MARIA TELESFORO <br> ROSALES, AS NEXT FRIEND TO <br> VICTOR GERARDO HERNANDEZ <br><br> VS. <br><br> BRIDGESTONE/FIRESTONE BRAZIL <br> A foreign subsidiary of BRIDGESTONE <br> AMERICAS HOLDING, INC., <br> BRIDGESTONE/FIRESTONE NORTH <br> AMERICAN TIRE, LLC, and JUAN <br> HERNANDEZ OLIVAREZ <br><br> Defendants. | § § § § § § § § § § § § § § § § § § <br><br> C.A. NO. B-03-126 |

## FIRESTONE'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

TO THE UNITED STATES DISTRICT COURT:

BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC ("Firestone"), Defendant in the above-styled matter, files its Opposition to Plaintiffs' Motion to Remand showing the Court as follows:

1. Plaintiffs' Motion to Remand is based upon three grounds: (1) failure to obtain consent of all Defendants; (2) failure to prove fraudulent joinder; and (3) contesting realignment of the parties as improper. Plaintiffs' three grounds do not justify remand of this case to state court. To the contrary, Plaintiffs' Motion to Remand and the supporting Affidavit of "Defendant" Juan Hernandez Olivarez, demonstrates the collusion among Plaintiffs and "Defendant" Olivarez in trying to contrive exclusive state court jurisdiction. This "collusive"

1319101_1.DOC

conduct is additional evidence compelling the realignment of "Defendant" Olivarez to a Plaintiff and illustrating he is a fraudulently joined Defendant.

### I. "Defendant" Olivarez Is the Father of Two Plaintiffs

2.   What is the family relationship between "Defendant" Olivarez and the Plaintiffs? Based on incomplete information, Firestone is aware of the relationships as follows:



*Potential Relationships to Other Plaintiffs Unknown*

3.   On July 17, 2003, Firestone's counsel sent a letter to Plaintiffs' counsel and counsel for "Defendant" Olivarez inquiring about the familial relationship between Plaintiffs and "Defendant" Olivarez. Please see letter attached as Exhibit 1. A short time thereafter, attorney Larry Lawrence representing "Defendant" Olivarez called Firestone's counsel Don Griffin and provided answers to some, but not all of the questions set forth in the June 17, 2003 letter.

4.      Attorney Larry Lawrence indicated that "Defendant" Olivarez is the biological father of two Plaintiffs – injured Minor Plaintiff Victor Hernandez, and deceased Minor Plaintiff Gerardo A. Hernandez.[1] "Defendant" Olivarez's cross-action against Firestone was brought "Individually and as representative of all Wrongful Death Beneficiaries of Gerardo A. Hernandez." The currently unidentified mother of Gerardo A. Hernandez would be a "wrongful death beneficiary." This leads to the question: Is Maria Telesforo Rosales the mother of Gerardo A. Hernandez? Even is the answer to this question is "No," as the case is currently pled by Plaintiffs, "Defendant" Olivarez is being sued on behalf of one minor son while he is also suing on behalf of another minor son killed in the accident. Plaintiffs' and "Defendant" Oliverez's pleadings demonstrate the extreme "contortions" to which they have gone attempting to defeat federal court jurisdiction.

5.      Finally, the only evidence produced by Plaintiffs in support of their Motion to Remand is an affidavit from the alleged "Defendant" Olivarez. If Plaintiffs and "Defendant" Olivarez are truly adverse in this case, as they strongly claim, how are Plaintiffs able to obtain and produce a voluntary affidavit from "Defendant" Olivarez against his best interest in the litigation? The answer is clear – Plaintiffs and "Defendant" Olivarez are acting in concert to achieve their primary goal of remanding this case to state court.

## II. Motion to Remand Grounds Are Unpersuasive

### A.      Consent Not Needed

6.      Because Firestone is alleging that "Defendant" Olivarez is a fraudulently joined Defendant who should be realigned as a Plaintiff, it is not necessary to obtain his consent for

---

[1] Firestone has also inquired to Plaintiffs and "Defendant" Olivarez's counsel about the identity of Gerardo A. Hernandez's mother. *See* letters attached as Exhibit 2 and 3. There has been no response to these letters.

removal. If this Court is compelled to realign "Defendant" Olivarez as a Plaintiff, then Plaintiffs' argument regarding lack of consent is irrelevant.

### B. Fraudulent Joinder

7. "Defendant" Olivarez is a fraudulently joined Defendant whose sole purpose for being named as a Defendant is to defeat diversity jurisdiction in a federal court. As set forth above, "Defendant" Olivarez is the biological father of at least two minors (one killed and one injured) in this accident. Therefore, he is a statutory plaintiff under the Texas wrongful death statute regarding claims for his deceased son – Gerardo A. Hernandez. Furthermore, "Defendant" Olivarez is being sued by Maria Telesforo Rosales, as next friend to Victor Gerardo Hernandez – his own son. The evidence and case law supporting realignment of "Defendant" Olivarez to a Plaintiff also applies to determining whether he is a fraudulently joined Defendant.

### C. Realignment of "Defendant" Olivarez

8. The Court can and should realign the parties here, and consider Juan Hernandez Olivarez as a plaintiff for purposes of determining diversity in this litigation. Before considering whether removal is appropriate on the basis of diversity of citizenship, the Court is required to look beyond the pleadings, and arrange the parties according to their side in the dispute. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941); *Dawson v. Legion Indem. Co.*, No. 99-2772, 2000 WL 124813, at *1 (N.D. Tex. Feb. 1, 2000); *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 633 (W.D. Tex. 1985). Realignment is to be determined "according to 'the principal purpose of the suit and the primary and controlling matter in dispute.'" *Lowe v. Ingalls Shipbuilding*, 723 S.W.2d 1173, 1178 (5th Cir. 1984) (quoting *Indemnity Ins. Co. of N. Am. v. The First Nat'l Bank at Winter Park, Florida*, 351 F.2d 519, 522 (5th Cir. 1965)); *see also* Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE:

JURISDICTION 2d § 3607 at 433 ("The generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side.").

9. Here, although Cross-Plaintiff Juan Hernandez Olivarez was originally named as a defendant in this litigation, he should be realigned, and deemed a plaintiff, because he shares the same ultimate interest in this litigation as the Plaintiffs. Like the Plaintiffs, Olivarez, who has brought suit individually and as next friend of Gerardo A. Hernandez under the Texas Wrongful Death Statute and Texas Survival Statute via a cross-action against Firestone, seeks a finding in strict products liability against Firestone based on an alleged tire defect. Such a finding, in addition to supporting Olivarez's cross-action for damages, would tend to bolster any defense against the negligent entrustment claim currently asserted by Plaintiffs against Olivarez.[2] Thus, there can be no doubt that Olivarez's interests are aligned with those of the Plaintiffs, not Firestone.

10. Independently, Plaintiffs' assertion of a negligent entrustment claim against Olivarez does not defeat realignment because that claim is neither the principal purpose of the suit nor the primary and controlling matter in dispute. At the heart of this litigation is whether the subject automobile accident occurred as a result of a tire defect; that is, whether the tread on the right rear tire separated as alleged by Plaintiffs, *see* Plaintiffs' Original Petition, at §§ IV, V, and, if so, whether such separation and accident occurred because of a defect in the tire, allegedly designed, manufactured and sold by Firestone. On this central issue, Plaintiffs and Olivarez are on one side of the dispute, taking identical positions, and Firestone is on the other.

---

[2] Also, it is likely that the negligent entrustment claim brought by Plaintiff Maria Telesforo Rosales, as next friend to Victor Gerardo Hernandez, who is Olivarez's son, is barred by the doctrine of parental tort immunity. *See, e.g., Hoffmeyer v. Hoffmeyer*, 869 S.W.2d 667 (Tex. App.—Eastland 1994, writ denied); *Hall v. Martin*, 851 S.W.2d 905 (Tex. App.—Beaumont 1993, writ denied). This serves as additional, independent proof that Olivarez's interests in this litigation are aligned with those of Plaintiffs.

Plaintiffs' negligent entrustment claim is a collateral matter,[3] asserted in an attempt to defeat this Court's diversity jurisdiction. That claim should not be considered for purposes of alignment, and Olivarez should be aligned as a plaintiff for purposes of determining diversity. *See Dawson*, No. 99-2772, 2000 WL 124813, at *1 ("The parties must be aligned in accordance with the primary dispute in controversy, even where a different, legitimate dispute between the parties supports the original alignment.").

11.   Because Olivarez should be aligned as a plaintiff, his consent to removal is not necessary, and his failure to join in the removal does not make the removal improper. *See Farias v. Bexar County Bd. of Trustees for Mental Health and Mental Retardation Servs.*, 925 F.2d 866, 871-872 (5th Cir. 1991); *Dawson*, No. 99-2772, 2000 WL 124813, at *3. Firestone has properly removed the litigation to this Court, and Plaintiffs' Motion to Remand should be denied.

ACCORDINGLY, Defendant Firestone requests that this Court deny Plaintiffs' Motion to Remand and for such other and further relief to which Firestone may show itself justly entitled.

---

[3]   If, as it appears, Plaintiffs' theory of the case is that the accident occurred because a defect in the right rear tire caused "a catastrophic tread and belt failure," Plaintiffs' Original Petition, at § IV, whether the vehicle was being operated by an unlicensed minor—as opposed to a licensed adult—at the time of the accident would appear to be a less important matter from the Plaintiffs' perspective.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By _____
Knox D. Nunnally
State Bar No. 15141000
Federal I.D. No. 1282
Don C. Griffin
State Bar No. 08456975
Federal I.D. No. 29446
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone: (713) 758-3508
Facsimile: (713) 615-5985

**ATTORNEYS FOR DEFENDANT, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., INDIVIDUALLY AND AS SUCCESSOR TO BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **22nd** day of **August, 2003**.

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

_____
DON C. GRIFFIN

# EXHIBIT 1

# Vinson&Elkins

VINSON & ELKINS L.L.P.
2300 FIRST CITY TOWER
1001 FANNIN STREET
HOUSTON, TEXAS 77002-6760
TELEPHONE (713) 758-2222
FAX (713) 758-2346
www.velaw.com

Don C. Griffin
Direct Dial 713/758-3508
Direct Fax 713/615-5985
dgriffin@velaw.com

July 17, 2003

Mr. Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577

Mr. Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

Re:   C.A. No. _____; *Jose Rolando Mendoza, et al. v. Bridgestone/Firestone Brazil, et al.*; In the United States District Court for the Southern District of Texas – Brownsville, Division

Dear Counsel:

In reviewing Plaintiffs' Original Petition and the cross-action filed by Juan Hernandez Olivarez, I have the following questions:

1. Who are the parents of Gerardo A. Hernandez – the minor driver killed in the accident?

2. Is Juan Hernandez Olivarez related to Victor Hernandez, and if so, what is their family relationship?

3. Is Juan Hernandez Olivarez related to Maria Telesforo Rosales, and if so what is their family relationship?

4. What is Juan Hernandez Olivarez's legal residency status in the United States? Specifically, is Mr. Olivarez either a U.S. citizen or legally a resident of the United States?

5. What is the DOT number of the right rear tire which allegedly suffered tread and belt failure?

1295726_1.DOC

AUSTIN • BEIJING • DALLAS • HOUSTON • LONDON • MOSCOW • NEW YORK • SINGAPORE • WASHINGTON D.C.

Mr. Gilbert Vasquez and Larry W. Lawrence, Jr.
Page 2
July 17, 2003

      6.    Where did Juan Hernandez Olivarez reside at the time of this accident in May 25, 2002?

I would appreciate receiving your responses to these questions by August 1, 2003. Thank you for your cooperation in this matter. If you have any questions or suggestions, please do not hesitate to contact me at 713-758-3508.

Very truly yours,

VINSON & ELKINS L.L.P.

Don C. Griffin

# EXHIBIT 2

# Vinson&Elkins

VINSON & ELKINS L.L.P
2300 FIRST CITY TOWER
1001 FANNIN STREET
HOUSTON, TEXAS 77002-6760
TELEPHONE (713) 758-2222
FAX (713) 758-2346
www.velaw.com

Don C. Griffin
Direct Dial 713/758-3508
Direct Fax 713/615-5985
dgriffin@velaw.com

July 24, 2003

Mr. Gilbert L. Vasquez  
VASQUEZ LAW FIRM, P.C.  
814 Del Oro Lane  
Pharr, Texas 78577  
*Via Facsimile: (956) 787-4324*

Mr. Larry W. Lawrence, Jr.  
LAWRENCE LAW FIRM, P.C.  
One Park Place, Suite 525  
McAllen, Texas 78503  
*Via Facsimile: (956) 994-0741*

Re: C.A. No. B-03-126; *Jose Rolando Mendoza, et al. v. Bridgestone/Firestone Brazil, et al.*; In the United States District Court for the Southern District of Texas – Brownsville, Division

Dear Counsel:

Larry has answered a majority of the questions set forth in my July 17, 2003 letter. Based on the information Larry provided, I have additional questions:

1. Larry could not identify the mother of Gerardo A. Hernandez – the minor driver killed in the accident – but was seeking a copy of the Death Certificate. If you obtain a copy of the Death Certificate, please send me a copy.

2. With whom did Victor Hernandez live at the time of the accident? Larry told me that Juan Hernandez Olivarez is his father, but it is unclear with whom he was living at the time of the accident.

3. With whom did Gerardo A. Hernandez live at the time of the accident and did his parents share joint managing conservatorship of him?

4. I would appreciate a copy of the Mexico accident report if you have it in your possession.

Larry has identified the accident tire's DOT number to me as E2J9F5AT269 and I want to confirm this is accurate.

1303093_1.DOC

AUSTIN • BEIJING • DALLAS • HOUSTON • LONDON • MOSCOW • NEW YORK • SINGAPORE • WASHINGTON D.C.

Thank you for your cooperation in this matter. If you have any questions or suggestions, please do not hesitate to contact me at (713) 758-3508.

Very truly yours,

VINSON & ELKINS L.L.P.

Don C. Griffin

# EXHIBIT 3



VINSON & ELKINS L.L.P.
2300 FIRST CITY TOWER
1001 FANNIN STREET
HOUSTON, TEXAS 77002-6760
TELEPHONE (713) 758-2222
FAX (713) 758-2346
www.velaw.com

Don Griffin
Direct Dial (713) 758-3508
Direct Fax (713) 615-5985
dgriffin@velaw.com

August 13, 2003

*Via Facsimile: (956) 726-9224*
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Via Facsimile: (956) 994-0741*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

   Re: C.A. No. B-03-1226; *Jose Rolando Mendoza, et al v. Bridgestone/Firestone Brazil, et al*; in the United States District Court for the Southern District of Texas, Brownsville Division

Dear Counsel:

  I have yet to receive a response to the questions set forth in my July 24, 2003 letter which is enclosed. If you are aware of this information, please communicate the answers to these questions to me at your earliest convenience.

  Thank you for your cooperation in this matter. If you have any questions or suggestions, please contact me at (713) 758-3508.

            Very truly yours,

            VINSON & ELKINS LLP

            Don C. Griffin

1321631_1.DOC
Enclosures