/3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 2 2003

Michael N. Milby
Clerk of Court

JOSE ROLANDO MENDOZA,                §
MARIA DOLORES REYES, AS              §
NEXT FRIEND TO JESUS HUMBERTO        §
SILLER AND MARIA TELESFORO           §
ROSALES, AS NEXT FRIEND TO           §
VICTOR GERARDO HERNANDEZ             §
                                     §
VS.                                  §       C.A. NO. B-03-126
                                     §
BRIDGESTONE/FIRESTONE BRAZIL         §
A foreign subsidiary of BRIDGESTONE  §
AMERICAS HOLDING, INC.,              §
BRIDGESTONE/FIRESTONE NORTH          §
AMERICAN TIRE, LLC, and JUAN         §
HERNANDEZ OLIVAREZ                   §

**BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S
OPPOSED MOTION FOR POST-REMOVAL DISCOVERY**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC

("Firestone"), Defendant in the above-styled matter, and files this Opposed Motion for Post-

Removal Discovery respectfully showing the Court as follows:

**FACTUAL BACKGROUND**

1.       This a product liability and personal injury lawsuit arising out of an accident in

Mexico involving a tire apparently manufactured by Firestone Canada.  Based on their pleadings,

Plaintiffs and Defendant/Cross-Plaintiff Juan Hernandez Olivarez appear to be United States and

Mexico residents.  On July 17, 2003, Firestone removed this case to federal court based upon

diversity requesting that "Defendant" Juan Hernandez Olivarez be realigned to a Plaintiff in the

case.  Plaintiffs filed a Motion to Remand which Firestone has responded to.  Firestone's Reply

to  Plaintiffs'  Motion  to  Remand  sets  forth  Firestone's  understanding  of  the  potential

relationships between "Defendant" Juan Hernandez Olivarez and the remaining Plaintiffs.  It should be noted that "Defendant" Olivarez's counsel, Larry Lawrence, disputes the relationships between "Defendant" Olivarez and other Plaintiffs set forth in Firestone's response.  So that this Court may appropriately determine the familial relationships, if any, and citizenship status of the respective Plaintiffs and "Defendant" Olivarez, Firestone requests this Court allow limited post-removal discovery on these issues in the form of Interrogatories, Requests for Production, and Request for Admissions.

2.      Firestone requests leave, pursuant to Rule 30(a)(2)(C) of the Federal Rules of Civil Procedure to conduct special post-removal discovery that would help resolve disputed jurisdictional facts and potentially identify any collusive dealings by which the Plaintiffs and "Defendant" Olivarez have sought to deprive Firestone of its federally guaranteed rights and this Court of its authority to hear this case under its diversity jurisdiction. *See* U.S. CONST. art. III, § 2; 28 U.S.C. §§ 1332, 1441.

3.      **The relationship between "Defendant" Olivarez and the remaining Plaintiffs is unclear.** It is undisputed that "Defendant" Olivarez is the father of deceased Plaintiff Gerardo A. Hernandez.  However, according to attorney Larry Lawrence, "Defendant" Olivarez is not the father of minor Plaintiff Victor Hernandez.  Firestone does not know who the biological mother of Gerardo A. Hernandez is and what her relationship, if any, is with "Defendant" Juan Hernandez Olivarez.   Likewise, the marital status and relationship, if any, between Mary Telesforo Rosales "acting a/n/f Victor Hernandez" and "Defendant" Olivarez are unknown.

4.      To discover and clarify the relationships among the respective parties, Firestone proposes sending limited Interrogatories, Requests for Production and Request for Admissions attached as Exhibits A, B, and C. to this Motion.  This limited discovery is focused upon the

relationship among the respective parties and is clearly not onerous or burdensome upon Plaintiffs nor "Defendant" Olivarez.

5.      Post-removal discovery should be permitted, at least on a limited basis, if the jurisdictional facts are disputed. *See Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 662, 667 (5th Cir. 1971). Before this Court determines whether Firestone has discharged its burden of proof on the question of this Court's jurisdiction over the subject matter of this suit, Firestone should have the opportunity to conduct limited discovery on the question of jurisdiction. *See Richardson*, 448 F.2d at 667. The right to be heard in federal court is an important right, created by Congress, and it should be enforced by this Court. *Id.*

6.      In *Richardson*, the plaintiffs filed suit in federal court alleging federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 662. However, the plaintiffs did not allege any jurisdictional facts supporting their allegation that the amount in controversy exceeded $10,000, which was an element of federal question jurisdiction at the time of the suit. *Id.* The district court decided, based on the pleadings, that it had no subject matter jurisdiction. The Fifth Circuit reversed, holding that, unless the pleadings conclusively establish a lack of jurisdiction, a district court should allow the parties an opportunity to discover and present jurisdictional facts to support their allegations. *Id.* The deposition of knowledgeable persons is one significant way in which the right to invoke federal jurisdiction is protected. *Id.* at 667. The Fifth Circuit insisted that the party invoking federal jurisdiction "be given an opportunity by some means to discharge their burden and to support their jurisdictional claim." *Id.* Since the district court order denying the plaintiff's right to conduct discovery was an abuse of its discretion and a violation of the right to be heard in federal court, the Court reversed and remanded to the district court to conduct appropriate proceedings.

7.    Many other courts have exercised their discretion and ordered some form of expedited and limited discovery to develop jurisdictional facts in removal cases. *See, e.g., In re Tobacco/Governmental Health Care Costs Litigation*, 100 F.Supp.2d 31, 40 (D.D.C. 2000) (allowing discovery to determine the extent to which non-diverse defendant was adverse to plaintiffs); *Lasusa v. Lake Michigan Trans-Lake Shortcut, Inc.*, 113 F.Supp.2d 1306, 1310 (E.D. Wis. 2000) (allowing defendants to conduct limited discovery to determine whether plaintiffs' claims met the amount in controversy requirement); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F.Supp. 1414, 1418 (M.D. Ala. 1986) (permitting limited discovery to determine the amount in controversy).    The case at hand is particularly analogous to *In re Tobacco/Governmental Health Care Costs Litigation* because both this case and *In re Tobacco* involve questions as to the proper alignment of the parties.

WHEREFORE, PREMISES CONSIDERED Bridgestone/Firestone North American Tire, L.L.C. requests that its Opposed Motion for Post-Removal Discovery be granted and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By_____

Knox D. Nunnally
State Bar No. 15141000
Federal I.D. No. 1282
Don C. Griffin
State Bar No. 08456975
Federal I.D. No. 29446
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone: (713) 758-3508
Facsimile: (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Bridgestone/Firestone North American Tire, L.L.C. sent a letter on September 2, 2003 to counsel for Plaintiffs indicating the Motion would be filed as opposed unless counsel for Plaintiffs communicated they have no opposition to the Motion. Neither Plaintiffs' counsel nor Juan Hernandez Olivarez's counsel responded and therefore, this Motion is being filed as opposed.

_____

Don C. Griffin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003.**

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

_____
DON C. GRIFFIN

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA, | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
| | § | C.A. NO. B-03-126 |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |

## BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFFS

PLEASE TAKE NOTICE that you are required in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to serve on the undersigned attorneys, within thirty (30) days after service of these Interrogatories, your answers, in writing, under oath, to the following inquiries.

These Interrogatories are directed to the knowledge and belief of the above-named Plaintiffs, Plaintiffs' attorneys of record, and any agents, representatives or employees of the above-named Plaintiffs or their attorneys.

These Interrogatories shall be deemed continuing in nature, and supplemental answers shall be required if Plaintiffs directly or indirectly obtains further information of the nature sought herein.

## DEFINITIONS

As used in these Interrogatories, the terms listed below should be understood to have the meanings described below:

1.    The term **"photograph"** means and includes any photographs, photographic reproductions, negatives, film, magnetic recordings, video recordings or tapes, movies, microfilm, or microfiche recordings.

2.    The term **"document"** means and includes any writings, letters, memoranda, correspondence, notes, receipts, canceled checks, invoices, statements, carbon or photographic reproductions of any of the foregoing photographs, and any other tangible objects which permanently or semi-permanently record information for later use. The term also includes a hard copy print of any information stored by computer or any other electronic means.

3.    The term **"witness statement"** has the meaning ascribed to that term in Tex. R. Civ. P. 192.3(h).

4.    The term **"accident in question"** or **"the accident"** means the accident giving rise to this lawsuit as described in Plaintiffs' Petition in the above-styled and numbered action.

5.    The term **"you"** and/or **"your"** means Plaintiffs in this lawsuit, as well as their attorneys, representatives, and any person acting under their direction or control.

6.    The term **"identify"**, when used with respect to a person, means to state the person's full name, address, and telephone number.

7.    The term **"this Defendant"** means Bridgestone/Firestone North American Tire, L.L.C (as successor to Bridgestone/Firestone, Inc.).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**     Please identify all Plaintiffs, including minors, by full name, social security number, Texas drivers' license number, and residence address from the time of the accident to the present.

**ANSWER:**


**INTERROGATORY NO. 2:**     Please identify all children of Plaintiffs.  As to each child, identify the child's mother and father.

**ANSWER:**


**INTERROGATORY NO. 3:**     Please identify all marriages, ceremonial or common law, of Plaintiffs, setting forth the date each marriage began and ended, along with the name, address, and telephone number of each spouse to whom Plaintiffs were ever married.

**ANSWER:**


**INTERROGATORY NO. 4:**     Please identify Victor Hernandez's residence address at the time of the accident.

**ANSWER:**


**INTERROGATORY NO. 5:**     Please identify Victor Hernandez by full name, social security number, and place of birth.

**ANSWER:**


**INTERROGATORY NO. 6:**     Please identify the parents of Victor Hernandez.

**ANSWER:**


**INTERROGATORY NO. 7:**     Please identify Jesus Humberto Siller's residence address at the time of the accident.

**ANSWER:**


**INTERROGATORY NO. 8:**     Please identify the parents of Jesus Humberto Siller.

**ANSWER:**

**INTERROGATORY NO. 9:**    Please identify Jesus Humberto Siller by full name, social security number, and place of birth.

**ANSWER:**

**INTERROGATORY NO. 10:**    Please identify any familial relationship between Juan Hernandez Olivarez and any Plaintiff.

"Familial relationship" means one related to another, direct or by marriage, including a relative descended from one's grandparents (a cousin) or from a more extended lineage.

**ANSWER:**

**INTERROGATORY NO. 11:**    With whom did Victor Hernandez live at the time of the accident?  If Victor Hernandez alternated between living with his mother and/or father, please describe his living arrangements.

**ANSWER:**

**INTERROGATORY NO. 12:**    With whom did Jesus Humberto Siller live at the time of the accident?  If Jesus Humberto Siller alternated between living with his mother and/or father, please describe his living arrangements.

**ANSWER:**

Respectfully submitted,

VINSON & ELKINS L.L.P.

By_____
       Knox D. Nunnally
       State Bar No. 15141000
       Federal I.D. No. 1282
       Don C. Griffin
       State Bar No. 08456975
       Federal I.D. No. 29446
       2300 First City Tower
       1001 Fannin Street
       Houston, Texas 77002-6760
       Telephone:  (713) 758-3508
       Facsimile:  (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003**.

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas  78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas  78503

_____
DON C. GRIFFIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE ROLANDO MENDOZA, §<br>MARIA DOLORES REYES, AS §<br>NEXT FRIEND TO JESUS HUMBERTO §<br>SILLER AND MARIA TELESFORO §<br>ROSALES, AS NEXT FRIEND TO §<br>VICTOR GERARDO HERNANDEZ §<br>§<br>VS. §<br>§<br>BRIDGESTONE/FIRESTONE BRAZIL §<br>A foreign subsidiary of BRIDGESTONE §<br>AMERICAS HOLDING, INC., §<br>BRIDGESTONE/FIRESTONE NORTH §<br>AMERICAN TIRE, LLC, and JUAN §<br>HERNANDEZ OLIVAREZ § | C.A. NO. B-03-126 |

## BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S
## FIRST SET OF INTERROGATORIES TO
## DEFENDANT JUAN HERNANDEZ OLIVAREZ

PLEASE TAKE NOTICE that you are required in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to serve on the undersigned attorneys, within thirty (30) days after service of these Interrogatories, your answers, in writing, under oath, to the following inquiries.

These Interrogatories are directed to the knowledge and belief of the above-named Defendant, Defendant's attorneys of record, and any agents, representatives or employees of the above-named Defendant or his attorneys.

These Interrogatories shall be deemed continuing in nature, and supplemental answers shall be required if Defendant directly or indirectly obtains further information of the nature sought herein.

## DEFINITIONS

As used in these Interrogatories, the terms listed below should be understood to have the meanings described below:

1.    The term **"photograph"** means and includes any photographs, photographic reproductions, negatives, film, magnetic recordings, video recordings or tapes, movies, microfilm, or microfiche recordings.

2.    The term **"document"** means and includes any writings, letters, memoranda, correspondence, notes, receipts, canceled checks, invoices, statements, carbon or photographic reproductions of any of the foregoing photographs, and any other tangible objects which permanently or semi-permanently record information for later use.  The term also includes a hard copy print of any information stored by computer or any other electronic means.

3.    The term **"witness statement"** has the meaning ascribed to that term in Tex. R. Civ. P. 192.3(h).

4.    The term **"accident in question"** or **"the accident"** means the accident giving rise to this lawsuit as described in Plaintiffs' Petition in the above-styled and numbered action.

5.    The term **"you"** and/or **"your"** means Defendant Juan Hernandez Olivarez in this lawsuit, as well as his attorneys, representatives, and any person acting under his direction or control.

6.    The term **"identify"**, when used with respect to a person, means to state the person's full name, address, and telephone number.

7.    The term **"this Defendant"** means Bridgestone/Firestone North American Tire, L.L.C (as successor to Bridgestone/Firestone, Inc.).

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Please identify Juan Hernandez Olivarez by full name, social security number, Texas drivers' license number, and residence address from the time of the accident to the present.

**ANSWER:**


**INTERROGATORY NO. 2:**      Please identify all children of Juan Hernandez Olivarez.  As to each child, identify the child's mother.

**ANSWER:**


**INTERROGATORY NO. 3:**      Please identify all marriages, ceremonial or common law, of Juan Hernandez Olivarez, setting forth the date each marriage began and ended, along with the name, address, and telephone number of each woman to whom he was ever married.

**ANSWER:**


**INTERROGATORY NO. 4:**      Was Gerardo A. Hernandez related to Victor Hernandez and, if so, please describe how they were related.

**ANSWER:**


**INTERROGATORY NO. 5:**      Please identify Gerardo A. Hernandez's residence address at the time of the accident.

**ANSWER:**


**INTERROGATORY NO. 6:**      Please identify the parents of Gerardo A. Hernandez.
**ANSWER:**


**INTERROGATORY NO. 7:**      Please identify Gerardo A. Hernandez by full name, social security number, and place of birth.

**ANSWER:**

**INTERROGATORY NO. 8:**    Please identify any familial relationship between Juan Hernandez Olivarez and Maria Telesforo Rosales.

"Familial relationship" means one related to another, direct or by marriage, including a relative descended from one's grandparents (a cousin) or from a more extended lineage.

**ANSWER:**

**INTERROGATORY NO. 9:**    With whom did Gerardo A. Hernandez live at the time of the accident?  If Gerardo A. Hernandez alternated between living with his mother and/or Juan Hernandez Olivarez, please describe his living arrangements.

**ANSWER:**

Respectfully submitted,

VINSON & ELKINS L.L.P.

By_____
       Knox D. Nunnally
       State Bar No. 15141000
       Federal I.D. No. 1282
       Don C. Griffin
       State Bar No. 08456975
       Federal I.D. No. 29446
       2300 First City Tower
       1001 Fannin Street
       Houston, Texas 77002-6760
       Telephone:  (713) 758-3508
       Facsimile:  (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003.**

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas  78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas  78503

_____
DON C. GRIFFIN

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ROLANDO MENDOZA,              §
MARIA DOLORES REYES, AS            §
NEXT FRIEND TO JESUS HUMBERTO      §
SILLER AND MARIA TELESFORO         §
ROSALES, AS NEXT FRIEND TO         §
VICTOR GERARDO HERNANDEZ           §
                                   §          C.A. NO. B-03-126
VS.                                §
                                   §
BRIDGESTONE/FIRESTONE BRAZIL       §
A foreign subsidiary of BRIDGESTONE §
AMERICAS HOLDING, INC.,            §
BRIDGESTONE/FIRESTONE NORTH        §
AMERICAN TIRE, LLC, and JUAN       §
HERNANDEZ OLIVAREZ                 §

**BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S**
**FIRST SET OF REQUEST FOR ADMISSIONS TO**
**DEFENDANT JUAN HERNANDEZ OLIVAREZ**

PLEASE TAKE NOTICE that the following Request for Admissions are propounded to

Defendant Juan Hernandez Olivarez by Defendant Bridgestone/Firestone North American Tire,

L.L.C.

1.    Admit that Juan Hernandez Olivarez is the father of Victor Hernandez.

ADMIT OR DENY:


2.    Admit that Juan Hernandez Olivarez is not the father of Victor Hernandez.

ADMIT OR DENY:


3.    Admit that Juan Hernandez Olivarez is the father of Gerardo A. Hernandez.

ADMIT OR DENY:


4.    Admit that Juan Hernandez Olivarez is not the father of Gerardo A. Hernandez.

1347696_1.DOC

ADMIT OR DENY:

5.    Admit that Juan Hernandez Olivarez had sole custody of Gerardo A. Hernandez at the time of the accident.

ADMIT OR DENY:

6.    Admit that Juan Hernandez Olivarez did not have sole custody of Gerardo A. Hernandez at the time of the accident.

ADMIT OR DENY:

7.    Admit that Gerardo A. Hernandez lived with Juan Hernandez Olivarez at the time of the accident.

ADMIT OR DENY:

8.    Admit that Gerardo A. Hernandez did not live with Juan Hernandez Olivarez at the time of the accident.

ADMIT OR DENY:

9.    Admit that Juan Hernandez Olivarez is related to Victor Hernandez by direct descendant or marriage.

ADMIT OR DENY:

10.    Admit that Juan Hernandez Olivarez is not related to Victor Hernandez by direct descendant or marriage.

ADMIT OR DENY:

11.    Admit that Juan Hernandez Olivarez is the uncle of Victor Hernandez.

ADMIT OR DENY:

12.    Admit that Juan Hernandez Olivarez is not the uncle of Victor Hernandez.

ADMIT OR DENY:

13.    Admit that Juan Hernandez Olivarez is related to Maria Telesforo Rosales either directly or by marriage.

ADMIT OR DENY:

14.    Admit that Juan Hernandez Olivarez is not related to Maria Telesforo Rosales either directly or by marriage.

ADMIT OR DENY:

Respectfully submitted,

VINSON & ELKINS L.L.P.


By_____
       Knox D. Nunnally
       State Bar No. 15141000
       Federal I.D. No. 1282
       Don C. Griffin
       State Bar No. 08456975
       Federal I.D. No. 29446
       2300 First City Tower
       1001 Fannin Street
       Houston, Texas 77002-6760
       Telephone:  (713) 758-3508
       Facsimile:  (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003.**

    ***Attorneys for Plaintiffs:***
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas  78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas  78503


_____
DON C. GRIFFIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE ROLANDO MENDOZA, | § |
| MARIA DOLORES REYES, AS | § |
| NEXT FRIEND TO JESUS HUMBERTO | § |
| SILLER AND MARIA TELESFORO | § |
| ROSALES, AS NEXT FRIEND TO | § |
| VICTOR GERARDO HERNANDEZ | § |
| | § |
| | § |
| VS. | § |
| | § |
| BRIDGESTONE/FIRESTONE BRAZIL | § |
| A foreign subsidiary of BRIDGESTONE | § |
| AMERICAS HOLDING, INC., | § |
| BRIDGESTONE/FIRESTONE NORTH | § |
| AMERICAN TIRE, LLC, and JUAN | § |
| HERNANDEZ OLIVAREZ | § |

C.A. NO. B-03-126

**BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO**
**DEFENDANT JUAN HERNANDEZ OLIVAREZ**

PLEASE TAKE NOTICE that the following Requests for Production are propounded to

Defendant Juan Hernandez Olivarez by Defendant Bridgestone/Firestone North American Tire,

L.L.C. Defendant Olivarez and his attorneys, are required to produce for inspection and copying

the documents, records, photographs and other tangible items listed below at the offices of

VINSON & ELKINS L.L.P.; 1001 Fannin, Suite 2300; Houston, Texas 77002-6760, or at another

reasonable time and place, within thirty (30) days from the date on which this Request is served.

**DEFINITIONS**

As used in these Requests, the terms listed below should be understood to have the

meanings described below:

1.      The term "**photograph**" means and includes any photographs, photographic reproductions, negatives, film, magnetic recordings, video recordings or tapes, movies, microfilm, or microfiche recordings.

2.      The term "**document**" means and includes any writings, letters, memoranda, correspondence, notes, receipts, canceled checks, invoices, statements, carbon or photographic reproductions of any of the foregoing photographs, and any other tangible objects which permanently or semi-permanently record information for later use. The term also includes a hard copy print of any information stored by computer or any other electronic means.

3.      The term "**witness statement**" has the meaning ascribed to that term in Tex. R. Civ. P. 192.3(h).

4.      The term "**accident in question**" or "**the accident**" means the accident giving rise to this lawsuit as described in Plaintiffs' Petition in the above-styled and numbered action.

5.      The term "**you**" and/or "**your**" means Juan Hernandez Olivarez in this lawsuit, as well as his attorneys, representatives, and any person acting under their direction or control.

6.      The term "**identify**", when used with respect to a person, means to state the person's full name, address, and telephone number.

7.      The term "**this Defendant**" means Bridgestone/Firestone North American Tire, L.L.C (as successor to Bridgestone/Firestone, Inc.).

## REQUESTS FOR PRODUCTION

1.      The birth certificate for Gerardo A Hernandez.

2.      The death certificate for Gerardo A. Hernandez.

3.      Marriage licenses and divorce decrees related to any marriage or divorce involving Juan Hernandez Olivarez.

4.      Any Court Orders or agreements concerning custody, visitation, and financial support for any children of Juan Hernandez Olivarez.

5.    Documents from any Mexico law enforcement agency related to this accident.

6.    A copy of Juan Hernandez Olivarez's drivers' license and social security card.

7.    A copy of Gerardo A. Hernandez's social security card or other form of identification.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By_____
      Knox D. Nunnally
      State Bar No. 15141000
      Federal I.D. No. 1282
      Don C. Griffin
      State Bar No. 08456975
      Federal I.D. No. 29446
      2300 First City Tower
      1001 Fannin Street
      Houston, Texas 77002-6760
      Telephone:  (713) 758-3508
      Facsimile:  (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003.**

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

1347727_1.DOC                    3

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas  78503


_____

DON C. GRIFFIN

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE ROLANDO MENDOZA,                §
MARIA DOLORES REYES, AS              §
NEXT FRIEND TO JESUS HUMBERTO        §
SILLER AND MARIA TELESFORO           §
ROSALES, AS NEXT FRIEND TO           §
VICTOR GERARDO HERNANDEZ             §
                                     §          C.A. NO. B-03-126
VS.                                  §
                                     §
BRIDGESTONE/FIRESTONE BRAZIL         §
A foreign subsidiary of BRIDGESTONE  §
AMERICAS HOLDING, INC.,              §
BRIDGESTONE/FIRESTONE NORTH          §
AMERICAN TIRE, LLC, and JUAN         §
HERNANDEZ OLIVAREZ                   §

**BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S
FIRST SET OF REQUEST FOR ADMISSIONS TO PLAINTIFFS**

PLEASE TAKE NOTICE that the following Request for Admissions are propounded to

Plaintiffs by Defendant Bridgestone/Firestone North American Tire, L.L.C.

1.      Admit that Juan Hernandez Olivarez is the father of Victor Hernandez.

ADMIT OR DENY:


2.      Admit that Juan Hernandez Olivarez is not the father of Victor Hernandez.

ADMIT OR DENY:


3.      Admit that Victor Hernandez is related to Gerardo A. Hernandez.

ADMIT OR DENY:


4.      Admit that Victor Hernandez was not related to Gerardo A. Hernandez.

ADMIT OR DENY:


1348208_1.DOC

5.    Admit that Juan Hernandez Olivarez is related to Victor Hernandez by direct descendant or marriage.

**ADMIT OR DENY:**


6.    Admit that Juan Hernandez Olivarez is the uncle of Victor Hernandez.

**ADMIT OR DENY:**


7.    Admit that Juan Hernandez Olivarez is related to Maria Telesforo Rosales either directly or by marriage.

**ADMIT OR DENY:**

Respectfully submitted,

VINSON & ELKINS L.L.P.


By_____
          Knox D. Nunnally
          State Bar No. 15141000
          Federal I.D. No. 1282
          Don C. Griffin
          State Bar No. 08456975
          Federal I.D. No. 29446
          2300 First City Tower
          1001 Fannin Street
          Houston, Texas 77002-6760
          Telephone: (713) 758-3508
          Facsimile: (713) 615-5985

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., INDIVIDUALLY
AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003.**

   *Attorneys for Plaintiffs:*
   Gilbert L. Vasquez
   VASQUEZ LAW FIRM, P.C.
   814 Del Oro Lane
   Pharr, Texas 78577
   and
   Gustavo L. Acevedo, Jr.
   814 Del Oro Lane
   Pharr, Texas 78577

***Attorneys for Defendant Juan Hernandez Olivarez:***
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas  78503

_____
                           DON C. GRIFFIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA, | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
| | § | C.A. NO. B-03-126 |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |

## BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S
## FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS

PLEASE TAKE NOTICE that the following Requests for Production are propounded to all Plaintiffs by Defendant Bridgestone/Firestone North American Tire, L.L.C.. Plaintiffs and their attorneys, are required to produce for inspection and copying the documents, records, photographs and other tangible items listed below at the offices of VINSON & ELKINS L.L.P.; 1001 Fannin, Suite 2300; Houston, Texas 77002-6760, or at another reasonable time and place, within thirty (30) days from the date on which this Request is served.

## DEFINITIONS

As used in these Requests, the terms listed below should be understood to have the meanings described below:

1.      The term **"photograph"** means and includes any photographs, photographic reproductions, negatives, film, magnetic recordings, video recordings or tapes, movies, microfilm, or microfiche recordings.

2.      The term **"document"** means and includes any writings, letters, memoranda, correspondence, notes, receipts, canceled checks, invoices, statements, carbon or photographic reproductions of any of the foregoing photographs, and any other tangible objects which permanently or semi-permanently record information for later use. The term also includes a hard copy print of any information stored by computer or any other electronic means.

3.      The term **"witness statement"** has the meaning ascribed to that term in Tex. R. Civ. P. 192.3(h).

4.      The term **"accident in question"** or **"the accident"** means the accident giving rise to this lawsuit as described in Plaintiffs' Petition in the above-styled and numbered action.

5.      The term **"you"** and/or **"your"** means Plaintiffs in this lawsuit, as well as their attorneys, representatives, and any person acting under their direction or control.

6.      The term **"identify"**, when used with respect to a person, means to state the person's full name, address, and telephone number.

7.      The term **"this Defendant"** means Bridgestone/Firestone North American Tire, L.L.C (as successor to Bridgestone/Firestone, Inc.).

## REQUESTS FOR PRODUCTION

1.      The birth certificate for Victor Hernandez.

2.      The birth certificate for Jesus Humberto Siller.

3.      Marriage licenses and divorce decrees related to any marriage or divorce by Plaintiffs involving Juan Hernandez Olivarez.

4.      Any Court Orders or agreements concerning custody, visitation, and financial support for any of Plaintiff's children with Juan Hernandez Olivarez.

5.      Documents from any Mexico law enforcement agency related to this accident.

6.      A copy of Victor Hernandez's drivers' license, social security card, or other form of identification.

7.     A copy of Jesus Humberto Siller's driver's license, social security card, or other form of identification.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By_____
         Knox D. Nunnally
         State Bar No. 15141000
         Federal I.D. No. 1282
         Don C. Griffin
         State Bar No. 08456975
         Federal I.D. No. 29446
         2300 First City Tower
         1001 Fannin Street
         Houston, Texas 77002-6760
         Telephone:  (713) 758-3508
         Facsimile:  (713) 615-5985

**ATTORNEYS FOR DEFENDANT, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., INDIVIDUALLY AND AS SUCCESSOR TO BRIDGESTONE/FIRESTONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **11th** day of **September, 2003**.

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

_____
DON C. GRIFFIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ROLANDO MENDOZA, | § | |
| MARIA DOLORES REYES, AS | § | |
| NEXT FRIEND TO JESUS HUMBERTO | § | |
| SILLER AND MARIA TELESFORO | § | |
| ROSALES, AS NEXT FRIEND TO | § | |
| VICTOR GERARDO HERNANDEZ | § | |
| | § | C.A. NO. B-03-126 |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE BRAZIL | § | |
| A foreign subsidiary of BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, LLC, and JUAN | § | |
| HERNANDEZ OLIVAREZ | § | |

## ORDER

On this day the Court considered Bridgestone/Firestone North American Tire, L.L.C.'s Opposed Motion for Post-Removal Discovery. Having considered the Motion, and the arguments and authority presented, the Court is of the opinion that the Motion should be GRANTED. It is therefore,

ORDERED, ADJUDGED, AND DECREED that Plaintiffs and Defendant Juan Hernandez Olivarez shall answer limited post-removal discovery including Interrogatories, Requests for Production, and Request for Admissions attached to Firestone's Motion for Post-Removal Discovery; and such answer shall be due by _____, 2003.

SIGNED this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE