

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISON

| | |
|---|---|
| JOSE ROLANDO MENDOZA, MARIA DOLORES REYES, AS NEXT FRIEND TO JESUS HUMBERTO SILLER AND MARIA TELESFORO ROSALES, AS NEXT FRIEND TO VICTOR GERARDO HERNANDEZ<br><br>VS.<br><br>BRIDGESTONE/FIRESTONE BRAZIL A foreign subsidiary of BRIDGESTONE AMERICAS HOLDING, INC., BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, and JUAN HERNANDEZ OLIVAREZ | United States District Court<br>Southern District of Texas<br>FILED<br><br>SEP 1 7 2003<br><br>Michael N. Milby<br>Clerk of Court<br><br>C.A. NO. B-03-126 |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

Bridgestone Americas Holding, Inc. ("BAH") submits this brief in support of its Motion to Dismiss, which has been filed contemporaneously herewith, along with BAH's Appendix of Exhibits.

**I.**

**INTRODUCTION**

A.  **Statement of the Stage of Proceedings.**

Plaintiffs' Original Petition in the above-styled cause was filed in Cameron County State Court on June 13, 2003. Bridgestone/Firestone North American Tire, L.L.C. ("Firestone") and BAH removed the case to Federal Court. BAH filed a Motion to Dismiss based on 12b grounds. One of the defendants, "Bridgestone/Firestone Brazil" is described in the petition as follows:

1301980_1.DOC

Defendant, Bridgestone/Firestone Brazil, a subsidiary of Bridgestone Americas Holding, Inc., is a Tennessee corporation, doing business through its authorized agents in the State of Texas, and may be served with process through its registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, Texas 7828.

This is a brief in support of BAH's Motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), (4) and (5).

**B.    Plaintiffs' Complaint.**

All Plaintiffs are residents of the Republic of Mexico.[1] "Defendant" and Cross-Plaintiff Juan Hernandez Olivarez is alleged to be a resident of Brownsville, Texas. This lawsuit arises out of an automobile accident which occurred in Mexico on May 25, 2002. It is alleged the accident was caused by the detreading of the vehicle's right, rear tire. Plaintiffs' Original Petition does not clearly identify the Defendants Plaintiffs are attempting to sue. It is believed that Plaintiffs and Cross-Plaintiff are attempting to sue Firestone and "Bridgestone/Firestone Brazil." It is unclear from the face of the pleadings whether Plaintiffs and Cross-Plaintiff have intended to sue BAH.[2]

**C.    Description of the Ownership of BAH.**

BAH was incorporated under the laws of the State of Nevada on December 12, 1994 and, since incorporation, has had its principal offices located in Nashville, Tennessee. BAH is a non-operational holding company. BAH has wholly- and partially-owned subsidiaries that are involved in the business of designing, manufacturing, and marketing tires. By way of example, Bridgestone/Firestone North American Tire, L.L.C. is a wholly-owned subsidiary of BAH. Bridgestone/Firestone do Brasil Industria e Comercio Ltda is a wholly-owned subsidiary of BAH.

---

[1] Plaintiffs' Original Petition, p. 1.
[2] Firestone's counsel has spoken with Larry Lawrence, attorney for Cross-Plaintiff Olivarez, and Mr. Lawrence indicated Cross-Plaintiff had intended to name and serve BAH as a separate and distinct Defendant.

D.  **Confusion in Plaintiffs' and Cross-Plaintiffs' Pleadings.**

It is unclear from Plaintiffs' and Cross-Plaintiff's pleadings whether they are attempting to sue BAH as a distinct Defendant in this case, or in the alternative, whether they are seeking to sue "Bridgestone/Firestone Brazil" and serve this entity through BAH. In Plaintiffs' Original Petition, Section II., paragraph styled "II. Parties" "Bridgestone/Firestone Brazil" and BAH appear to be identified as a single Defendant. This is not factually correct. As demonstrated through the Declaration of Kerry Cantrell,[3] attached as Exhibit 1, BAH and "Bridgestone/Firestone Brazil" are separate and distinct legal entities.

In the alternative, if Plaintiffs and Cross-Plaintiff are attempting to sue BAH as a distinct Defendant from "Bridgestone/Firestone Brazil," then BAH is not a proper Defendant in this lawsuit because it has never directly conducted any business related to the design, manufacture, or marketing of the tire at issue in this case. Furthermore, BAH is not subject to jurisdiction in Texas for Plaintiffs' and Cross-Plaintiff's alleged claims.

## II.

## SUMMARY OF ARGUMENT

This brief will establish that this action must be dismissed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), (4) and (5) for the following reasons:

First, this action should be dismissed as to BAH under RULE 12(b)(2) for lack of jurisdiction because BAH is not subject to general or personal jurisdiction in Texas. BAH's jurisdictional challenge is supported by the Declaration of Kerry Cantrell which is attached to and specifically incorporated within this Motion.

Second, this action should be dismissed as to BAH under RULE 12(b)(4) for insufficiency of process for failure to properly name the Defendant. There is no entity named

---

[3] Mr. Cantrell's Original Declaration has already been filed with the Court. Therefore, a copy is being attached to this Motion.

"Bridgestone/Firestone Brazil," and to the extent Plaintiffs and Cross-Plaintiff seek to sue BAH through an entity named "Bridgestone/Firestone Brazil," Plaintiffs' and Cross-Plaintiff's claims should be dismissed as to BAH.

Finally, this action should be dismissed as to BAH under RULE 12(b)(5) for insufficiency of service of process because Plaintiffs served BAH, an entity not specifically named as a "party" in Plaintiffs' Original Petition.

## III.

## ARGUMENT

A.  **Insufficiency of Jurisdiction.**

The Texas long arm statute "authorizes personal jurisdiction" to the extent permissible consistent with federal due process. *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 854 (5th Cir.), *cert. denied*, 121 S.Ct. 426 (2000). "Well-established" due process principles:

> [P]ermit[] the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.

*Id.* (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2000)).

"Minimum contacts" are understood in terms of "specific" or "general" jurisdiction:

> *Specific jurisdiction* over a nonresident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the litigation results from alleged injuries that *arise out of or relate to those activities*. *General jurisdiction*, on the other hand, will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiffs' cause of action, are *continuous and systematic*.

*Id.* (quoting *Alpine View, supra*).

Plaintiffs' claim arises out of an accident in Mexico involving Mexican citizens and residents and Texas citizens and residents. Personal jurisdiction over BAH therefore cannot be based on specific jurisdiction, but instead requires proof that BAH possesses continuous and systematic contacts with Texas.

No such proof exists. As Kerry Cantrell's Declaration demonstrates, BAH has no significant contacts with Texas:

1. BAH is a Nevada corporation that maintains its principal place of business in Nashville, Tennessee.

2. BAH conducts no business in Texas. It maintains no offices, places of business, post office boxes, or telephone listings in Texas. It neither owns nor rents any real estate, and keeps no bank accounts or other interest in property in Texas. It has not incurred any obligation to pay, and has not paid, any taxes in Texas. It has no agents or sales representatives in Texas. It has no employees in Texas and has not recruited any employees from Texas. It has not conducted any advertising, solicitation, marketing or other sales promotions activities in Texas. It has not designed, manufactured, sold advertised, delivered, or issued warranties on any good or product in Texas, nor has it participated in the decision to sell or deliver any good or product to Texas. It has not entered into a contract in Texas or committed any tort, in whole or in part, in Texas.

3. BAH does not maintain an interactive web site to solicit business from the United States and does not solicit business for or on behalf of Firestone.

4. BAH has never filed suit in a Texas court.

Exhibit 1 (Declaration of Kerry Cantrell) at ¶¶ 4, 5, 8, 15, 16.

Plaintiffs do not allege that BAH is subject to jurisdiction based upon the acts of Firestone. But the law is settled that:

> So long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes. . . . The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship.

*Kelly*, 213 F.3d at 856 (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).[4]

Bridgestone and Firestone maintain "separate and distinct" corporate entities, as Kerry Cantrell's Declaration demonstrates.

In view of the legal standard set forth above, there is no conceivable basis for the assertion of personal jurisdiction over BAH based upon its relationship with Firestone, a factually and legally separate corporation.

The exercise of personal jurisdiction over BAH would also offend traditional notions of fair play and substantial justice. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2000); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 377 (5th Cir. 1987). Because BAH is a Nevada corporation with no offices or employees in Texas, the exercise of personal jurisdiction over BAH would impose a heavy burden. BAH accordingly submits that the Court should dismiss all claims asserted against it for lack of personal jurisdiction without further inquiry.

**B.      Insufficiency of Process.**

Since BAH is not identified as a distinct and separate Defendant, it appears BAH was served with Plaintiffs' Original Petition due to Plaintiffs' erroneous belief that BAH was the registered agent for service of process for "Bridgestone/Firestone Brazil." As stated above, and as evidenced by the Declaration attached, BAH is not the registered agent for service of process

---

[4] The Kelly Court cited numerous other decisions that also highlight the dubious nature of Plaintiffs' assertion. *See Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694,717 (5th Cir. 1999) ("typically, the corporate independence of companies defeats the assertion of jurisdiction over one by using contacts with the other"); *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) ("Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts"); *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773-74 (5th Cir. 1988) ("it is well-settled that where... a wholly owned subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent").

for "Bridgestone/Firestone Brazil." Furthermore, an entity named "Bridgestone/Firestone Brazil" does not exist.

When a named defendant does not exist, the form of the process, or insufficiency of process, can be challenged on the grounds that the summons does not properly contain the names of the parties. *See* 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure §1353 (2d ed. 1990). In *Gonzales v. Temple Mountain Ski Resort, Inc.*, 613 F.Supp 354 (D. Mass. 1985), the plaintiff's complaint designated a non-existent ski resort, Temple Mountain Ski Resort, Inc., as a defendant in a personal injury action, and served the complaint on the president of a separate and distinct corporation, Temple Mountain Ski Area, which was not named as a defendant. *See id.* at 355. The court held that on the basis of Rule 12(b)(4), because the named defendant, Temple Mountain Ski Resort, Inc., did not exist, the complaint should be dismissed for failure to properly name the defendant. *See id.* Here, Plaintiffs' Original Petition also designates a non-existent entity, "Bridgestone/Firestone Brazil," as a defendant. *See* Exhibit B. Plaintiffs also served their Original Petition on a separate and distinct entity, BAH, who is not named in the suit as a distinct party. *See* Exhibit C. Therefore, because Plaintiffs' Original Petition names a non-existent defendant, "Bridgestone/Firestone Brazil," this Court should adhere to the holding in Gonzales and dismiss Plaintiffs' Original Petition as to BAH for failure to properly name the Defendant.

Amendment of the Original Petition will not remedy the defective service in the present case. *See Rose v. Koch*, 465 F.Supp 1157, 1158 (E.D.N.Y. 1979) (amendment allowed only if no showing of prejudice on the part of defendant); *See also* 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure §1353 (2d ed. 1990). First, BAH has been served with a lawsuit to which it is apparently not a party. Because of this mistake on the part of the Plaintiffs, BAH must now suffer the burden of responding to Plaintiffs' Original Petition.

Secondly, the proper Defendant (the entity Plaintiffs refer to as "Bridgestone/Firestone Brazil"), has been prejudiced because it has not received proper notice of this lawsuit.

C.     **Insufficiency of Service of Process - Wrong Party Served.**

BAH is not a Party distinctly and specifically identified as a Defendant in this lawsuit. *See* Exhibits A & B.  Despite this fact, it was served with Plaintiffs' Original Petition.  *See* Exhibit B.  Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(a) and (b), the wrong party has been served with Plaintiffs' Original Petition, and therefore, this court should dismiss this case as to BAH pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5).

When "the wrong party—that is, a party not named in the summons— has been served," the sufficiency of the service of process can be challenged via a Motion to Dismiss pursuant to RULE 12(b)(5). *See* 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, Federal Practice and Procedure §1353 (2d ed. 1990). In the *Gonzales* case discussed above, after dismissing the complaint pursuant to RULE 12(b)(4) for failure to properly name the defendant, the court held that "[i]t follows that there was no proper service of process as prescribed by the Federal Rules of Civil Procedure" on Temple Mountain Ski Area, because the president of that company "was served with a document not naming it as a party defendant." S*ee Gonzales*, 613 F.Supp at 355. Additionally, in *Adams v. AlliedSignal General Aviation Avionics*, the Eight Circuit Court of Appeals, citing the *Gonzales* opinion, held that no proper service is effected when the person served is an officer of a corporation which is not named as a defendant in the action. *See* 74 F.3d 882, 886 (8th Cir. 1996).3  Furthermore, BAH is not a registered agent for the purpose of receiving service on behalf of the non-existent entity "Bridgestone/Firestone Brazil." *See* Exhibit B.  As in these two cases, BAH was served with a Petition not naming it as a separate party defendant, and therefore, this court should dismiss this case as to BAH pursuant to RULE 12(b)(5) for insufficiency of service of process.

## IV.

## CONCLUSION

The Plaintiffs in this cause have named a non-existent entity, "Bridgestone/Firestone Brazil", as a party defendant, and inappropriately attempted service on "Bridgestone/Firestone Brazil" by service on BAH. Therefore, Plaintiffs' Original Petition should be dismissed as to BAH for insufficiency of service of process. Because BAH was erroneously served with Plaintiffs' Original Petition due to the Plaintiffs' mistaken belief that the non-existent "Bridgestone/Firestone Brazil" could be served through BAH, BAH has suffered prejudice in having to respond to a lawsuit to which it is not a party. Also, the proper defendant (whomever Plaintiffs are referring to as "Bridgestone/Firestone Brazil") has suffered prejudice because it has not received notice of this lawsuit. Therefore, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4), this court should dismiss Plaintiffs' Original Petition as to BAH for insufficiency of process.

Neither Plaintiffs' Original Petition nor the Cross-Action of Olivarez clearly and correctly identifies the parties they are attempting to sue. Specifically regarding BAH, it is impossible to determine from the pleadings the Plaintiffs' and Cross-Plaintiff's intent. Even if these parties are attempting to name and serve BAH as a distinct Defendant, BAH has valid grounds to dismiss these claims against it.

BAH is not subject to jurisdiction in Texas, and therefore, Plaintiffs' Original Petition and the Cross-Action of Olivarez should be dismissed as to BAH.

Not only have the Plaintiffs named a non-existent entity as a party defendant, but by serving BAH with the Complaint, Plaintiffs failed to serve the correct party, resulting in insufficiency of service of process. Even if the court finds that BAH is a proper party to this lawsuit, Plaintiffs have still failed to obtain proper service pursuant to FEDERAL RULE OF CIVIL

PROCEDURE 4(h). Therefore, the court should dismiss this Complaint for the additional reason that the service of process was insufficient pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5).

Alternatively, if the court determines that dismissal is not the proper remedy, this court should instead quash the service of summons on BAH.

                                          Respectfully submitted,

                                          VINSON & ELKINS L.L.P.

By _____
                                          Knox D. Nunnally
                                          State Bar No. 15141000
                                          Federal I.D. No. 1282
                                          Don C. Griffin
                                          State Bar No. 08456975
                                          Federal I.D. No. 29446
                                          2300 First City Tower
                                          1001 Fannin Street
                                          Houston, Texas 77002-6760
                                          Telephone: (713) 758-3508
                                          Facsimile: (713) 615-5985

**ATTORNEYS FOR DEFENDANT, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., INDIVIDUALLY AND AS SUCCESSOR TO BRIDGESTONE/FIRESTONE, INC.**

...

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by mailing same certified mail, return receipt requested, this **16th** day of **September, 2003**.

*Attorneys for Plaintiffs:*
Gilbert L. Vasquez
VASQUEZ LAW FIRM, P.C.
814 Del Oro Lane
Pharr, Texas 78577
and
Gustavo L. Acevedo, Jr.
814 Del Oro Lane
Pharr, Texas 78577

*Attorneys for Defendant Juan Hernandez Olivarez:*
Larry W. Lawrence, Jr.
LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 525
McAllen, Texas 78503

_____
DON C. GRIFFIN

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE ROLANDO MENDOZA, § <br> MARIA DOLORES REYES, AS § <br> NEXT FRIEND TO JESUS HUMBERTO § <br> SILLER AND MARIA TELESFORO § <br> ROSALES, AS NEXT FRIEND TO § <br> VICTOR GERARDO HERNANDEZ § <br> § <br> VS. § <br> § <br> BRIDGESTONE/FIRESTONE BRAZIL § <br> A foreign subsidiary of BRIDGESTONE § <br> AMERICAS HOLDING, INC., § <br> BRIDGESTONE/FIRESTONE NORTH § <br> AMERICAN TIRE, LLC, and JUAN § <br> HERNANDEZ OLIVAREZ § <br> § <br> Defendants. § | C.A. NO. B-03-126 |

## DECLARATION OF KERRY CANTRELL ON BEHALF OF
## BRIDGESTONE AMERICAS HOLDING, INC.

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

1. I am currently the Assistant Secretary of Bridgestone Americas Holding, Inc. ("BAH"), a Nevada corporation with its principal place of business in Nashville, Tennessee. BAH was incorporated as BMAH Corp. on December 12, 1994. I have been employed by BAH or an affiliate of BAH since May 20, 1988 and have been the Assistant Secretary since November 30, 2001. My responsibilities include corporate record-keeping and I am authorized and qualified to make this Declaration on behalf of BAH. The matters stated in this Declaration are either within my personal knowledge or have been assembled by authorized employees and counsel of defendant. I am informed and believe that the responses are true and correct.

1301261_1.DOC

2. BAH, formerly known as BMAH Corp. was incorporated under the laws of the State of Nevada on December 12, 1994. On September 11, 2001, BMAH Corp. changed its name to Bridgestone Americas Holding, Inc. ("BAH"). Since September 11, 2001, BMAH has had its principal office located in Nashville, Tennessee. Prior to September 11, 2001, BMAH had its principal offices in Reno, Nevada. BAH is a non-operational holding company BAH does not directly manufacture, design nor market tires nor has it ever done so As a holding company, BAH has wholly-owned subsidiaries that to varying degrees engage in the business of designing, manufacturing, and marketing tires under various brand names.

3. I understand that Plaintiffs in the above-entitled action have named as a Defendant, among others, "Bridgestone/Firestone Brazil a foreign subsidiary of Bridgestone Americas Holding, Inc." I further understand that the basis of the lawsuit is an alleged automobile accident that took place in Mexico on or about May 25, 2002. No entity named "Bridgestone/Firestone Brazil" exists. BAH does have a wholly-owned corporate subsidiary in Brazil named Bridgestone/Firestone do Brasil Industria e Comercio Ltda. However, BAH is not the registered agent for service for this Brazilian entity.

4. As a holding company, BAH owns, directly or indirectly, investments in various individual companies. Bridgestone/Firestone North American Tire, L.L.C. ("Firestone") is a wholly-owned corporate subsidiary of BAH. BAH and Firestone are separate and distinct legal entities from each other. Firestone and Bridgestone/Firestone do Brasil Industria e Comercio Ltda are separate and distinct legal entities from each other.

5. BAH has never designed, manufactured, or marketed tires. BAH has never conducted business in Texas to the extent that it has never marketed goods or services in Texas

or to Texas residents. BAH has no bank accounts in Texas nor does it directly own any real or personal property in Texas.

6. BAH has no employees based in Texas. BAH does not have a place of business in Texas. BAH does not advertise within Texas. BAH has no sales or marketing activities within Texas and has no agents or sales representatives in Texas. BAH does not ship products for resale in Texas. BAH does not have a Texas telephone number or post office box.

7. BAH does not have any tire warranty or tire service facilities within Texas through independent contractors. BAH has no employees in Texas.

8. BAH does not have any loan applications with any Texas banks or financial institutions.

9. BAH does not have meetings of directors or shareholders within Texas.

10. Assuming the allegations in Plaintiffs' Petition regarding ownership of he vehicle are correct, BAH had no control over the vehicle in question at the time of the accident."

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

_____
KERRY CANTRELL
ASSISTANT SECRETARY

SWORN and subscribed to before me, the undersigned authority, on this the 8th day of August, 2003.

_____
Notary Public, State of Tennessee

My commission expires: November 26, 2005