IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 2 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk D. Ahumada

| | |
|---|---|
| JOSE ROLANDO MENDOZA, § <br> MARIA DOLORES REYES, AS § <br> NEXT FRIEND TO JESUS HUMBERTO § <br> SILLER AND MARIA TELESFORO § <br> ROSALES, AS NEXT FRIEND TO § <br> VICTOR GERARDO HERNANDEZ § <br> § <br> VS. § <br> § <br> BRIDGESTONE/FIRESTONE BRAZIL § <br> A foreign subsidiary of BRIDGESTONE § <br> AMERICAS HOLDING, INC., § <br> BRIDGESTONE/FIRESTONE NORTH § <br> AMERICAN TIRE, LLC, and JUAN § <br> HERNANDEZ OLIVAREZ § | C.A. NO. B-03-126 |

**ORDER APPROVING SETTLEMENT**

On May 11 2004, came to be heard in the above styled and numbered action, wherein Jose Rolando Mendoza, Maria Dolores Reyes, as Next Friend to Jesus Humberto Siller and Maria Telesforo, as Next Friend to Victor Gerardo Hernandez are "Plaintiffs," and Bridgestone/Firestone North American Tire, L.L.C. ("Firestone") and Juan Hernandez Olivarez are "Defendants."

The parties made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. The parties announced to the Court that they had agreed to settle and compromise all issues, claims, and causes of action now existing or that may hereafter arise between the Plaintiffs and the Defendants. All parties have agreed that the total amount and terms of the settlement are confidential, the terms of which are described in a Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs and Firestone.

1493299_1.DOC

It is understood and agreed that the Plaintiffs, in consideration for Firestone's agreement to settle this controversy for the sums set forth below and in the Settlement Agreement, will pay, discharge, or indemnify and hold Defendants harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, medical liens, or other bills and expenses. It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court, neither the Plaintiffs nor anyone claiming by, through, or under them will be able to recover anything further of and from Defendants.

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiff Maria Dolores Reyes and the minor Plaintiff Jesus Humberto Siller, and between the adult Plaintiff Maria Telesforo Rosales and the minor Plaintiff Victor Gerardo Hernandez in the settlement of this action, the Court has appointed Luis Saenz, a practicing attorney duly licensed and in good standing with the State Bar of Texas, as *guardian ad litem* to represent the interests of the minor Plaintiffs; and said *guardian ad litem* has been apprised of all matters of fact concerning this controversy and settlement thereof and has recommended that the Court approve the settlement.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such Settlement Agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Defendants and the damages to the various Plaintiffs, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such Settlement Agreement is in the best interest of all of the Plaintiffs and that the terms of the Settlement Agreement are in all respects reasonable.

It is understood and agreed by Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that Defendants have denied liability and continue to deny

liability of whatever nature to the Plaintiffs. It is further understood and agreed that Firestone, by this Settlement Agreement, makes no admission of liability to the Plaintiffs nor to any other person, firm, corporation, or other entity who did or did not assert a claim or file a lawsuit against Firestone, but rather that Firestone makes this settlement solely to purchase its peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and Firestone have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the confidential Settlement Agreement executed by Plaintiffs is fair and equitable and that the same should be, and is hereby in all things, approved; and the Court hereby specifically finds that the Settlement Agreement is in the best interests of all Plaintiffs, including minor Plaintiffs, Jesus Humberto Siller and Victor Gerardo Hernandez.

The Court hereby further finds that the minor Plaintiffs' allocation of the sums agreed upon as a compromise settlement figure in this action between the parties, should be as follows:

*Jesus Humberto Siller*

$ 7,000.00   into the Registry of the Court in an interest-bearing account, for the use and benefit of Jesus Humberto Siller.

$ 2,328.33   made payable to Maria Dolores Reyes for the use and benefit of Jesus Humberto Siller.

$ 10,671.67   made payable to Gilbert Vasquez for the use and benefit of Jesus Humberto Siller.

*Victor Gerardo Hernandez*

$ 3,668.67   made payable to Maria Telesforo Rosales for the use and benefit of Victor Gerardo Hernandez.

$ 6,331.33   made payable to Gilbert Vasquez for the use and benefit of Victor Gerardo Hernandez.

1493299_1.DOC                                3

The remainder of the agreed upon settlement amount is to be paid to The Vasquez Law Firm in trust for Jose Rolando Mendoza.

The Court further finds that the amounts as described in the Settlement Agreement are to be paid in full satisfaction of any and all claims arising from this accident which Plaintiffs or any minor named herein have or might ever have against Defendants or the Defendants' officers, directors, shareholders, owners, parent and subsidiary and affiliate corporations (including, without limitation, Bridgestone Corporation or Bridgestone/Firestone, Brazil, a foreign subsidiary of Bridgestone Americas Holding, Inc.), agents, servants, and employees, and any dealer that sold the subject vehicle, new or used, and that under no legal or equitable theory may Plaintiffs hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever; and further that the Settlement Agreement and this Order Approving Settlement shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of any party or Plaintiff herein named.

The Court finds that upon payment of all sums to the Plaintiffs as set forth in the Settlement Agreement, Defendants shall have no further obligation to Plaintiffs, their heirs, and assigns; and the completion of the payment of all sums to the Plaintiffs as described above and in the Settlement Agreement shall operate as a full and complete release.

The Court approves the Settlement Agreement entered into by the parties and finds that all Plaintiffs' claims are hereby dismissed with prejudice, and that all of Plaintiffs' claims asserted, or which could have been asserted herein, against Defendants are fully satisfied in all respects and that no execution shall ever issue herein.

The Court accordingly ORDERS that no execution or other process ever issue against the Defendants and that the Defendants are fully and finally released.

It is further ORDERED, ADJUDGED, and DECREED each party shall bear its own costs of Court.

It is further ORDERED, ADJUDGED, and DECREED that a fee of $3000 be paid by Defendant for the services of Luis Saenz, *guardian ad litem* for the minor Plaintiffs.

It is further ORDERED, ADJUDGED, and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

SIGNED this 27th day of May, 2004.

_____
JUDGE PRESIDING

**APPROVED AND AGREED AS TO FORM AND SUBSTANCE:**

**VINSON & ELKINS L.L.P.**

By _____  (by permission by _____)
Don C. Griffin
State Bar No. 08456975
Federal I.D. No. 29446
Scott Upchurch
State Bar No. 24028177
Federal I.D. No. 29410
1001 Fannin
2300 First City Tower
Houston, Texas 77002
Telephone: 713-758-3508
Facsimile:  713-615-5985

**ATTORNEYS FOR DEFENDANT,**
**BRIDGESTONE/FIRESTONE NORTH**
**AMERICAN TIRE, L.L.C.**

**LAW OFFICES OF LUIS SAENZ**

By _____
Luis V. Saenz
State Bar No. 17514880
Federal I.D. No. __12252__
117 East Price Road
Brownsville, Texas  78521
Telephone: 956-550-9550
Facsimile:  956-550-9553

**GUARDIAN AD LITEM FOR MINORS**

1493299_1.DOC                                6

THE VASQUEZ LAW FIRM, P.C.

By _____
Gustavo L. Acevedo, Jr.
State Bar No. 00829805
Federal I.D. No. _____10810_____
Gilbert L. Vasquez
State Bar No. 00797593
814 Del Oro Lane
Pharr, Texas 78577
Telephone: 956-787-8182
Facsimile: 956-787-4324

**ATTORNEYS FOR PLAINTIFFS JOSE
ROLANDO MENDOZA, MARIA DOLORES
REYES, AS NEXT FRIEND TO JESUS
HUMBERTO SILLER AND MARIA TELESFORO,
AS NEXT FRIEND TO VICTOR GERARDO HERNANDEZ**